**Daniel JOHNSON, Relator,**

v.

**The Honorable Jerry SANDEL, Judge of the 278th District Court, Walker County, Texas, Respondent.**

No. 01–95–00123–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 21, 1995.

---

Before HUTSON–DUNN, O'CONNOR and WILSON, JJ.

## OPINION

WILSON, Justice.

Relator, Daniel Johnson, filed a motion for leave to file a petition for writ of mandamus, requesting this Court to order Judge Sandel to vacate his January 12, 1995 order.

Johnson filed suit against Wayne Scott and M.B. Thaler, the real parties in interest, and served discovery requests on them. The discovery requests are not part of the record before us. The defendants filed a motion for a protective order, asking the trial court to stay discovery until the issue of their official immunity is resolved. Judge Sandel granted the motion for protection in his January 12, 1995 order. The order protects the defendants from answering Johnson's "discovery requests pending resolution of the threshold issue of the defendants' qualified immunity."

1. The terms "qualified," "official," and "quasi-judicial" immunity are for all practical purposes the same. *City of Houston v. Kilburn,* 849

Because the discovery requests are not in the record, we cannot determine whether the discovery requests relate to the issue of official immunity or to any other issue in the case and therefore, cannot determine whether Judge Sandel abused his discretion by granting the protective order.

Therefore, the motion for leave to file a petition for writ of mandamus is **DENIED.**

It is so **ORDERED.**

O'CONNOR, J., concurring.

O'CONNOR, Justice, concurring.

I concur with the majority opinion. I write separately to focus on the trial court's practice of limiting all discovery until the issue of official immunity is resolved.

The issue before this Court is the degree of protection from pretrial discovery afforded a government official raising the defense of official immunity.

The trial court's order in this case prevents the plaintiff from engaging in any discovery before the court resolves the issue of official immunity. As of the time this petition for mandamus was filed, the State had not yet filed a motion for summary judgment based on official immunity. The State's motion to prevent discovery and court's ruling on the motion assume, but do not state, that the State intends to file such a motion for summary judgment.

Because official immunity is an affirmative defense, the burden is on the defendant to establish all elements of the defense.[1] *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). When the defendants file a motion for summary judgment based on official immunity, they must prove they are entitled to official immunity from suit because they:

(1) acted within the scope of their authority,

(2) performed discretionary duties, and

(3) acted in good faith.

S.W.2d 810, 812 n. 1 (Tex.1993); *Travis v. City of Mesquite,* 830 S.W.2d 94, 100 n. 2. (Tex.1992) (Cornyn, J. concurring).

*Id.; Albright v. Department of Human Serv.,* 859 S.W.2d 575, 578 (Tex.App.—Houston [1st Dist.] 1993, no writ).

For element number (1), the defendants must prove they acted within the scope of their authority. To controvert the summary judgment proof on official immunity, a plaintiff must show the defendants did not act within the scope of their authority. By necessity, the plaintiff must have access to information related to the scope of the defendants' authority.

For element number (2), the defendants must prove the duties they were performing were discretionary ones, not ministerial ones. *Chambers,* 883 S.W.2d at 653–54. Discretionary acts require deliberation, decision, and judgment; ministerial acts are those that require obedience to orders or the performance of a duty to which the person has no choice. *Id.; Albright,* 859 S.W.2d at 579. To controvert the summary judgment proof on discretionary nature of the defendants' duties, a plaintiff must show that the act was not discretionary, that it was ministerial because the person had no choice in the matter. *See Chambers,* 883 S.W.2d at 655.

For element number (3), the defendants must prove they acted in good faith. The issue is objective, whether the defendants' actions were reasonable, without regard to whether they acted with subjective good faith. *Chambers,* 883 S.W.2d at 656. The defendants must prove that a reasonably prudent person might have believed that his or her acts were justified. *Id.* at 656–57. To controvert the summary judgment proof on good faith, a plaintiff must show that no reasonable person in the defendants' position could have thought the facts were such that they justified the defendants' acts. *Id.* at 657.

For the plaintiff to meet his burden to respond to a summary judgment on the grounds of immunity, the plaintiff is entitled to use the discovery procedures outlined in the Texas Rules of Civil Procedure. No rule of procedure permits the defendants to submit the issue of their immunity to the trial for resolution and at the same time prevent the plaintiff from securing controverting evidence by discovery.

In *State v. Sims,* 871 S.W.2d 259, 261 (Tex.App.—Amarillo 1994, orig. proceeding), the court dealt with the reverse side of this same issue: Whether the State was entitled to a protective order from discovery until the issue of official immunity was resolved. The Amarillo Court of Appeals held the State was not entitled to mandamus, because the law on the issue was uncertain. *Id.* at 263. The court noted that several cases in which the defense of official immunity was raised reveal that pretrial discovery of the defendants' had occurred, citing *Travis v. City of Mesquite,* 830 S.W.2d 94, 97 (Tex.1992), and *Brown v. Herman,* 852 S.W.2d 91, 93 (Tex.App.—Austin 1993, orig. proceeding). *Sims,* 871 S.W.2d at 263.

Although the trial court has broad power to limit discovery and conduct the trial, the court cannot by its rulings deny a litigant its right to due process and a fair trial. Thus, any order limiting discovery before the resolution of the issue of immunity must permit the plaintiff to engage in discovery necessary to respond to the issue of immunity.