**Daniel JOHNSON, Relator,**

v.

**The Honorable Jerry SANDEL, Judge of the 278th District Court, Walker County, Texas, Respondent.**

**No. 01–96–00094–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 9, 1996.

Before COHEN, O'CONNOR and WILSON, JJ.

**OPINION**

PER CURIAM.

Relator's motion for leave to file a petition for writ of mandamus is **DENIED.**

It is so **ORDERED.**

O'CONNOR, J., dissenting.

O'CONNOR, Justice, dissenting.

Without explanation, the majority denied the relator's motion for leave to file a petition for writ of mandamus. For the reasons stated in my concurring opinion in *Johnson v. Sandel*, 895 S.W.2d 490, 491–92 (Tex.App.—

Houston [1st Dist.] 1995, orig. proceeding), I dissent.

This mandamus involves the trial court's blanket denial of discovery in a case involving the issue of official immunity. The relator is a prison inmate who filed suit against two prison officials for negligence and for violations of 42 U.S.C. § 1983. After filing suit, relator served discovery on the defendants. In January 1995, the defendants moved for protection from discovery until the trial court resolved the issue of official immunity. On January 12, 1995, the trial court granted the motion. The trial court's order protects the defendants from answering discovery "pending the resolution of the threshold issue of the defendants' qualified immunity." The trial court denied the relator's motion to vacate the protective order.

In March 1995, the relator filed a mandamus, but this Court denied leave to file because the relator's discovery requests were not part of the record. *See Johnson*, 895 S.W.2d at 491. I wrote a concurring opinion, stating that a trial court's order limiting discovery before the resolution of the issue of immunity must permit the plaintiff to engage in discovery necessary to respond to the issue of immunity. *Id.* at 492.

In April 1995, the relator filed his second set of discovery requests. In July 1995, he filed a motion to vacate the protective order and to compel discovery on the issue of official immunity, which the trial court denied. In October 1995, the relator renewed his motion, which the trial court again denied.

The relator filed this mandamus, again asking this Court to vacate the protective order to allow discovery. He contends the trial court abused its discretion by not allowing him to engage in discovery, even on the immunity issue. This time, he attached his discovery requests. Some of the discovery requests relate to the issue of official immunity.

No rule of procedure permits a defendant to submit the issue of immunity to the trial court for resolution and at the same time prevent the plaintiff from securing controverting evidence by discovery. *Johnson*, 895 S.W.2d at 492 (O'Connor, J., concurring).

While a trial court can limit discovery, it cannot eviscerate a plaintiff's case by denying discovery on fact issues it must resolve.

A relator is entitled to relief by mandamus if the relator can show (1) the trial court clearly abused its discretion, and (2) the relator has no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839–43 (Tex.1992). The trial court clearly abused its discretion when it denied discovery on immunity, the dispositive issue, and the relator has no remedy by appeal.

COHEN and WILSON, JJ., also participating.