Opinion issued December 19, 2002








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00993-CV

____________


IN RE HOWARD VANZANDT WILLIAMS, Relator






Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 Relator, Howard Vanzandt Williams, has filed a petition for writ of mandamus
complaining that the trial court (1) has refused to hold any hearings or a trial in his lead
paint Tort Claims Act suit against the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID"). Relator argues that the trial court is in violation
of an order to hold further hearings and/or a trial by the Fourteenth Court of Appeals
when his earlier appeal from a dismissal of his suit resulted in a partial remand on
October 18, 2001. See Williams v. Denault, No. 14-00-00889-CV (Tex.
App.--Houston [14th Dist.] Oct. 18, 2001, no pet.) (not designated for publication). 
Relator also claims the trial court has failed to rule upon his motion for production
of documents filed on April 16, 2002, his motion requesting payment be made to his
next of kin in the event of his demise, and his motion for default judgment filed on
June 17, 2002.

 Relator has failed to provide an appendix containing a certified or sworn copy
of any document showing the matter complained of, and has failed to provide any
record containing a certified or sworn copy of every document that is material to
relator's claim for relief and filed in the underlying proceeding. See Tex. R. App. P.
52.3(j)(1)(A), 52.7(a)(1). Although one of his complaints is a failure to rule on his
motions, relator has not provided us with copies of his alleged motions or any
requests that the trial court rule on his motions. Although relator complains the trial
court has refused to hold any hearings or hold a trial, relator has provided us with no
documents showing he ever requested the trial court to hold any hearings or a trial.

 In a mandamus proceeding, it is the relator's burden to demonstrate that the
trial judge 1) had a legal duty to perform a non-discretionary act, 2) was asked to
perform the act, and 3) failed or refused to do so. In re Chavez, 62 S.W.3d 225, 228
(Tex. App.--Amarillo 2001, orig. proceeding). Relator has made no showing that he
requested the trial court to rule on his motions or hold a trial. Relator offers no
excuse for his failure to provide copies of the motions he says have not been ruled
upon. With the state of the record provided, we are unable to conclude relator met
the standards to be entitled to relief by writ of mandamus. See Johnson v. Sandel, 895
S.W.2d 490, 491 (Tex. App.--Houston [1st Dist.] 1996, orig. proceeding).

 We deny the petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Hedges, Keyes, and Duggan. (2)

Do not publish. Tex. R. App. P. 47.
1. The Honorable Ben Hardin, judge of the 23rd District Court of Brazoria County. 
The underlying lawsuit is trial court cause number 11064*I00, styled Howard Vanzandt
Williams v. Texas Department of Criminal Justice-Institutional Division.
2. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.