Grady **VICTORY**, Appellant,

v.

Billy **BILLS**, Appellee.

No. 08–94–00104–CV.

Court of Appeals of Texas, El Paso.

April 6, 1995.

James Ludlum, Jr., Catherine L. Kyle, Ludlum & Ludlum, Austin, for appellant.

Michael McLeaish, Odessa, for appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### OPINION

McCLURE, Justice.

### NATURE OF THE CASE

Grady Victory ("Victory") appeals an order of the trial court that denies his motion for summary judgment. Billy Bills, Appellee ("Bills") sued Victory, an Andrews County deputy sheriff, for assault and battery allegedly committed during the course of Bills' arrest. Appellant moved for summary judgment based on the common law doctrine of official immunity, the denial of which precipitated this interlocutory appeal. *See* Tex.Civ. Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1995). We affirm the order of the trial court.

### SUMMARY OF THE EVIDENCE

On January 7, 1991, Victory was summoned to a trailer park owned by Bills' wife. Victory arrived to find Bills, his wife, and Christy Henderson, a park resident, arguing about Henderson's continued residence at the park. Victory alleges that Bills was intoxicated, belligerent, and interfered with his efforts to resolve the dispute. After repeated instructions to Bills to cease his activities, Victory arrested him for public intoxication and disorderly conduct. Victory alleg-

es a struggle ensued because Bills resisted arrest. Bills claims he did not resist and that Victory attacked him without provocation.

## STANDARD OF REVIEW

■ The standard of review on appeal is whether the successful movant at the trial level carried his burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Mgmt. Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *Hernandez v. Kasco Ventures, Inc.,* 832 S.W.2d 629, 631 (Tex. App.—El Paso 1992, no writ). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970).

■ In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49; *Stoker v. Furr's, Inc.,* 813 S.W.2d

719, 721 (Tex.App.—El Paso 1991, writ denied). When the defendant is the movant and he submits summary evidence disproving at least one essential element of each of the plaintiff's causes of action, then summary judgment should be granted. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d at 471; *Bradley v. Quality Service Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Hernandez v. Kasco Ventures, Inc.,* 832 S.W.2d at 633.

■ Official immunity is an affirmative defense. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). To establish the defense, Victory must show that the disputed incident occurred while he was (1) performing discretionary duties (2) in good faith, and (3) was acting within the scope of his authority. *Id.* at 653.[1] The underlying purpose of official immunity is to free government officials to exercise their duties without fear of damage suits that would consume their time and energy and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government. *Tyrrell v. Mays,* 885 S.W.2d 495, 497 (Tex.App.—El Paso 1994, writ dism'd w.o.j.); *Armendarez v. Tarrant County Hosp. Dist.,* 781 S.W.2d 301, 305 (Tex.App.—Fort Worth 1989, writ denied).

Bills does not dispute that Victory is a government employee to whom official immunity is potentially available[2] or that the de-

---

1. The explication of the substantive contours of the doctrine of official immunity in Bills' four-page brief relies exclusively on federal case law. Because Victory raises the common law defense of official immunity in response to Bills' tort claim, which is governed by state law, this reliance is at least partially misplaced. *See City of Lancaster v. Chambers,* 883 S.W.2d at 650 (examining official immunity as a bar to state law claims and noting that "federal law does not determine whether an officer's actions are discretionary for purposes of state law...."); *Horta v. Sullivan,* 4 F.3d 2, 15 (1st Cir.1993) ("[T]he district court erred in reasoning that because the police officers' actions were 'discretionary' for the purposes of qualified immunity under federal law, they were also performing 'discretionary functions' for the purposes of [immunity under state law]."); *Greiner v. City of Champlin,* 816 F.Supp. 528, 545 (D.Minn.1993) ("The federal doctrine of qualified immunity does not apply to claims brought under [state] law."), *modified on other grounds,* 27 F.3d 1346 (8th Cir.1994).

2. Peace officers like Victory are likely the most appropriate beneficiaries of official immunity.

 Nowhere else in public service is official immunity more appropriate or necessary than in police work. In their routine work, police officers must be free to make split-second judgments in good faith based on their experience and training, without fear of personal liability. To hold otherwise 'would likely cause other peace officers under similar circumstances to flinch from acting because of fear of liability.' *Carpenter v. Barner,* 797 S.W.2d 99, 102 (Tex. App.—Waco 1990, writ denied) (*citing Anderson v. Creighton,* 483 U.S. 635, 641 ..., 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987)). 'Creating that potential does not serve the public's interest.' *Id.* Were there no immunity from personal liability under such circumstances, 'the prudent would be reluctant to enter governmental service and even competent persons who entered public life would not be zealous in discharging their duties.' *Baker [v. Story],* 621 S.W.2d [639,] at 643–44

fense was properly pleaded. Neither does Bills dispute that Victory was performing discretionary duties within the scope of his authority when Bills was arrested. Bills argues only that Victory failed to provide any summary judgment evidence that he was acting in good faith when he arrested Bills. Accordingly, we examine whether Victory met his burden of proof with respect to this element.

A simple test to determine whether summary judgment evidence shows the absence of a genuine issue of material fact with respect to good faith has eluded courts. In the context of a claim of official immunity, a merely subjective test would virtually never result in a jury trial because the officer's affidavit statement that he acted in good faith could almost never be controverted. *Travis v. City of Mesquite*, 830 S.W.2d 94, 103 n. 6 (Tex.1992) (Cornyn, J., concurring). An entirely objective test, however, would protect the officer who consciously and intentionally disregards public safety so long as his actions appear reasonable. *Cf. id.* at 104 (noting value of protecting innocent bystanders).

The Texas Supreme Court recently clarified the controlling good faith test in *City of Lancaster v. Chambers*, 883 S.W.2d at 650, which involved a claim for injuries arising from police pursuit of a suspect. *Chambers* was authored by Justice Cornyn, enabling him to expand and apply his *Travis* concurrence, and instructs that an officer acts in good faith if:

> [A] reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit.

*Id.* at 656. *Chambers* elaborates on the test by stating:

> The 'could have believed' aspect of the good faith test means that in order to be entitled to summary judgment, an officer must prove that a reasonably prudent officer might have believed that the pursuit should have been continued. It does not

mean that an officer has to prove that it would have been unreasonable to stop the pursuit; nor must the officer prove that all reasonably prudent officers would have continued the pursuit. To controvert the officer's summary judgment proof on good faith, the plaintiff must do more than show that a reasonably prudent officer could have decided to stop the pursuit; the plaintiff must show that 'no reasonable person in the defendant's position could have thought the facts were such that they justified defendant's acts.'

*Id.* at 656–57 (footnotes, citations, and internal quotations omitted).

■ We adapt the foregoing principles to the instant case by substituting the use of force for the pursuit of a suspect. Thus, to show himself entitled to summary judgment, Victory must show that a reasonably prudent officer might have believed that force was necessary. To controvert Victory's summary judgment proof with respect to good faith, Bills must show that no reasonably prudent officer could have thought that force was necessary.

■ On our facts, whether a reasonably prudent officer in Victory's position could have perceived the need to use force turns on whether Bills resisted arrest. *See* TEX.CODE CRIM.PROC.ANN. art. 15.24 (Vernon 1977) (authorizing peace officers to use only as much force as is necessary to effect arrest). Conveniently, the parties' affidavits squarely oppose each other on this issue, Victory claiming Bills resisted arrest and Bills claiming he did not resist and that age and poor health rendered him physically unable to do so. Although we appreciate the instrumental value of granting immunity to peace officers for their official actions, are aware of the importance with which the Legislature regards the matter [which is evinced by the statutory authorization for interlocutory appeals involving it], and recognize the extent to which forcing peace officer defendants to proceed to trial to establish their immunity will defeat the doctrine's purpose, the parties dispute a fact issue that is critical to the success of

[ (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.) ].

*Travis v. City of Mesquite*, 830 S.W.2d 94, 103 (Tex.1992) (Cornyn, J., concurring).

Victory's affirmative defense. As the trial court correctly perceived, summary judgment is not the appropriate means by which to resolve such a squarely presented factual conflict. We leave this task to the fact finder. Accordingly, we overrule Victory's point of error.

## CONCLUSION

Having overruled Victory's sole point of error, we affirm the order of the trial court.