**CITY OF SAN ANTONIO and Officer Kenneth Davis, in his individual capacity, Appellants,**

**v.**

**Sharon BYNUM and Jesse Handley, Appellees.**

No. 04–96–00620–CV.

Court of Appeals of Texas, San Antonio.

Dec. 18, 1996.

Paula Dlugosz, Assistant City Attorney, Lawrence J. Souza, Charles S. Frigerio, Hector X. Saenz, Law Offices of Charles S. Frigerio, P.C., San Antonio, for Appellants.

Richard J. Karam, Bill Jolly, Law Office of Richard J. Karam, San Antonio, for Appellee.

Before CHAPA, C.J., and LOPEZ and HARDBERGER, JJ.

### OPINION

CHAPA, Chief Justice.

The appellees, Sharon Bynum and Jesse Handley, sued the appellants, the City of San Antonio and its police officer Kenneth Davis, for damages arising from a high-speed police chase. Davis and the City appeal the trial court's denial of their motions for summary

judgment based on official immunity. We affirm the trial court's orders as to Bynum, but we reverse the orders as to Handley and render partial judgment in favor of Davis and the City.

## Summary of Facts

On Halloween night 1991, Rudy Rodriguez and several friends stole a pickup truck, which the owner reported to police contained a shotgun, rifle, and over 200 rounds of ammunition. Rodriguez drove the truck for several hours until he was spotted by Officer Davis, who turned on his emergency lights.

Rather than stop, Rodriguez sped away and, at some point, turned off his headlights. He drove over a curb, ran one stop sign, and was in the process of running a second stop sign when he hit the vehicle in which Bynum and Handley were passengers.

Bynum and Handley filed suit against Davis for pursuing Rodriguez "in a reckless manner and at speeds up to 70 m.p.h." when Rodriguez's headlights were turned off. They also sued the City on the basis of respondeat superior.[1] Thereafter, Davis and the City independently moved for summary judgment, contending that official immunity barred the suit. When the trial court denied the motions, Davis and the City appealed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1997) (authorizing interlocutory appeal).

## Standard of Review

When reviewing the motions for summary judgment in this appeal, we recognize that movants have the burden of showing they are entitled to judgment as a matter of law because there are no genuine issues of material fact. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). Evidence favorable to the nonmovants is taken as true, and every reasonable inference in favor of the nonmovants is resolved in their favor. *Id.* at 548–49. When defendants move for summary judgment on an affirmative defense, like official immunity, they must

conclusively prove each element of the defense as a matter of law. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

## Official Immunity

■ The affirmative defense of official immunity is available to police officers who perform (1) discretionary duties (2) in good faith (3) within the scope of their authority. *Chambers*, 883 S.W.2d at 653. Here, the parties agree that Davis acted with discretion within the scope of his authority. Thus, our discussion is limited to whether Davis acted in good faith. *See Antu v. Eddy*, 914 S.W.2d 166, 170 (Tex.App.—San Antonio 1995, no writ).

### 1. Test for Good Faith

■ To establish his good faith as a matter of law, Davis must prove that a reasonably prudent officer, under the same or similar circumstances, might have believed that the action taken was justified. *Chambers*, 883 S.W.2d at 656–57; *Antu*, 914 S.W.2d at 171. Whether the officer is negligent is not dispositive of the good faith element. *Chambers*, 883 S.W.2d at 655; *City of Beverly Hills v. Guevara*, 911 S.W.2d 901, 904 (Tex. App.—Waco 1995, no writ).

■ To controvert the officer's summary judgment proof on good faith, the plaintiffs must do more than show that a reasonably prudent officer could have decided to take a different action; the plaintiffs must produce evidence that no reasonable person in the defendant's position could have thought that the facts were such that they justified the defendant's acts. *Chambers*, 883 S.W.2d at 657; *Antu*, 914 S.W.2d at 171.

### 2. Jesse Handley

■ In their first point of error, Davis and the City maintain the trial court erred in denying their motions for summary judgment as to Jesse Handley because he admit-

---

1. The petition alleged that Rodriguez was negligent and that the City was negligent in failing to properly train its officers and establish policies and procedures for high speed chases. Because

these causes of action are not affected by Davis's claim to official immunity, they are not before us in this appeal. *See DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex.1995).

ted that Davis acted in good faith.[2] We agree.

█ Davis sent Handley requests for admissions that were not answered within thirty days of service. By operation of law, these requests were deemed admitted. *See Ruiz v. Nicolas Trevino Forwarding Agency, Inc.*, 888 S.W.2d 86, 88 (Tex.App.—San Antonio 1994, no writ). The second request stated "[t]hat at all times made the basis of this lawsuit, OFFICER KENNETH DAVIS acted in 'good faith.'" This statement was sufficient to support summary judgment. *See State v. Carrillo*, 885 S.W.2d 212, 214 (Tex. App.—San Antonio 1994, no writ).

Accordingly, we sustain the first point of error.

### 3. Sharon Bynum

█ In their second point of error, Davis and the City contend the trial court erred in denying their motions for summary judgment as to Sharon Bynum because (1) collateral estoppel bars her claim if they are entitled to summary judgment as to Handley; and (2) there is no disputed issue of material fact. The first argument was waived because it was not presented to the trial court.[3] *See* Tex.R.App. P. 52(a); *In the Interest of Striegler*, 915 S.W.2d 629, 640 (Tex.App.—Amarillo 1996, writ denied). We therefore address only the second argument.

█ To establish his good faith, Davis produced the affidavit of San Antonio police officer Daniel Georgiou, who summarized his credentials, including familiarity with the standard operating procedures for the City's police department. After reviewing the

pleadings, Davis's deposition, and the relevant police reports, Georgiou testified that:

> *[A] reasonable police officer in Kenneth Davis' position on November 1, 1991 could have believed* that the need to immediately apprehend the suspects outweighed a clear risk of harm to the public in continuing the pursuit. It is further my opinion that Officer Kenneth Davis complied with the Texas Motor Vehicle laws and the policies, procedures and regulations of the San Antonio Police Department at all times during the incident in question. It is my opinion that all the actions of Officer Kenneth Davis in connection with the incident in question were undertaken in good faith.

(Emphasis added). This expert testimony establishes Davis's good faith by stating an objective conclusion, using words similar to those of the *Chambers* test, and by identifying the documents that supply the underlying facts to support the conclusion. *See Beatty v. Charles*, 936 S.W.2d 28, 30 (Tex.App.—San Antonio, 1996, n.w.h.); *Texas Dep't of Public Safety v. Tanner*, 928 S.W.2d 731, 736 (Tex. App.—San Antonio, Aug. 21, 1996, no writ).

To controvert this assertion of good faith, Bynum relied on the affidavit of Paul McCauley, criminology professor and former police officer, who agreed that initiating the police chase was "proper." However, McCauley believed that continuing the chase was "improper" because Davis violated the City's standard operating procedures by not using his siren and by not immediately transmitting the details of the chase to his supervisor.[4] McCauley summarized his conclusion as follows:

---

**2.** We permitted the City to adopt Davis' brief. *City of San Antonio v. Bynum*, 933 S.W.2d 651, 652–53 (Tex.App.—San Antonio 1996, interlocutory order).

**3.** We note that collateral estoppel is not applicable when, as here, the parties have not had a full and fair opportunity to litigate the issue in a prior suit. *See Valero Transmission Co. v. Wagner & Brown*, 787 S.W.2d 611, 614 (Tex.App.—El Paso 1990, writ dism'd by agr.). Furthermore, deemed admissions may not be used against coparties. *Texas Supply Center, Inc. v. Daon Corp.*, 641 S.W.2d 335, 338 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

**4.** A police officer may respond to an emergency without audible or visual signals if the officer complies with local regulations or if the use of the signals would increase the potential for a collision or unreasonably extend the duration of the pursuit. Tex. Transp. Code Ann. § 546.004(c) (Vernon 1997). The City's operating procedures require the primary pursuit vehicle to activate lights and siren from the point at which a pursuit is initiated until its termination. In addition, the officer initiating a pursuit must immediately notify the dispatcher of certain details, including, among other things, location, direction, speed, and reason for pursuit.

A reasonable and prudent police officer under the same or similar circumstances would have complied with department policies and activated the emergency lights and siren to warn the public in general. Also, the officer would have terminated the pursuit when it became apparent that an accident likely would occur and that the suspect was not going to stop. In my opinion *no reasonable person in Officer Kenneth Davis's position could have thought that the facts and circumstances of his pursuit could have justified his actions in continuing his pursuit.*

(Emphasis added).

■ Davis and the City argue that McCauley's opinion is conclusory because his affidavit did not include a copy of the audio tape he relied upon. (A transcription, which did not indicate the siren use, was part of Davis's summary judgment evidence). Assuming the audio tape was required, Davis and the City waived this defect by failing to object before the trial court. *See Knetsch v. Gaitonde,* 898 S.W.2d 386, 390 (Tex.App.—San Antonio 1995, no writ); *see also* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE & REVIEW § 6.09[1][a] (2d ed.1996).

■ Davis and the City also contend that McCauley's assertions are based on irrelevant facts, specifically, the City's standard operating procedures. Essentially, Davis and the City maintain that violation of the standard operating procedures is relevant to negligence, but not good faith.

The *Chambers* test requires nonmovants to show that "no reasonable person in the defendant's position could have thought the facts were such that they justified the defendant's acts." 883 S.W.2d at 657. While negligence is not material to this test, *Antu,* 914 S.W.2d at 172, certain facts are material to whether a reasonable person would have taken the same action as did the defendant. *See Beatty,* 936 S.W.2d at 32; *Victory v. Bills,* 897 S.W.2d 506, 509 (Tex.App.—El Paso 1995, no writ).

For example, in *Beatty,* this court held that whether an officer had activated her lights and sirens in responding to an emergency is relevant to whether she acted in good faith. At 32. In *Murillo v. Garza,* 904 S.W.2d 688, 691 (Tex.App.—San Antonio 1995, writ denied), we said that whether or not an ordinance mandated a particular action was "evidence of a standard that a reasonably competent engineer would have taken into consideration."

In this case, when viewing the evidence in the light most favorable to Bynum, we find that the siren's use is disputed. On the basis of that dispute, two experts reach opposing conclusions about Davis's compliance with the standard operating procedures. These conclusions, in turn, form the basis of the experts' conflicting opinions about Davis's good faith. Given this context, we conclude that the standard operating procedures are relevant to the question of Davis's good faith.

We hold that McCauley's affidavit uses both facts and the "magic words" suggested by *Chambers* to raise a genuine issue of material fact that precluded summary judgment. *See Tanner,* 928 S.W.2d at 736; *contra State v. McGeorge,* 925 S.W.2d 105, 109 (Tex.App.—Houston [14th Dist.] 1996, n.w.h.) (expert's deposition stated no factual basis and no "magic words"). Accordingly, we overrule the second point of error.

## Conclusion

We reverse the trial court's orders denying Davis and the City summary judgment as to Jesse Handley and render partial summary judgment in favor of Davis and the City as to that party. We affirm the trial court's denial of summary judgment as to Sharon Bynum.