TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00546-CV






Dorena Harrison and Tina R. Joseph, Appellants



v.



The City of New Braunfels, Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT


NO. C95-852C, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING 






 Appellants Dorena Harrison and Tina R. Joseph ("plaintiffs") sued the City of New
Braunfels, Texas ("the City") for damages they suffered arising out of a collision between their
car and a car driven by an individual who was being pursued by New Braunfels police officers. 
The trial court granted summary judgment for the City on the basis of the doctrines of sovereign
immunity and official immunity. On appeal, plaintiffs assert that the summary-judgment evidence
does not show conclusively that the officers are protected by official immunity. We will reverse
and remand.


FACTUAL AND PROCEDURAL BACKGROUND

 While on patrol the evening of January 30, 1994, Officer Scott Lange of the New
Braunfels Police Department was alerted by radio dispatch of a suspicious young Hispanic male
who had left a convenience store driving a light blue car. Officer Lange drove to the location and
spotted a car matching the description of the vehicle in question. The vehicle was traveling very
slowly. Officer Lange passed the vehicle and saw that it was being driven by a young Hispanic
male who appeared surprised to see a police officer in the neighborhood.

 After observing the suspect disregard several stop signs, Officer Lange activated
his emergency lights and sirens. The suspect refused to pull over, however, and attempted to flee
from Officer Lange at a high rate of speed. At this time, radio dispatch alerted Officer Lange that
the vehicle was stolen. Officer Lange pursued the suspect with his emergency lights and sirens
activated. As the suspect fled toward Interstate 35, Officer Lange was joined by two additional
police vehicles, driven by Officers Easley and Hanna, both with emergency lights and sirens
activated.

 The fleeing suspect entered the southbound traffic on Interstate 35 traveling at
approximately one hundred miles per hour. The officers also entered Interstate 35, still in pursuit.
The suspect drove erratically, swerving from lane to lane. As the traffic became heavier, Officer
Lange, who was leading the pursuit, advised the other officers to slow. Officer Lange kept the
fleeing vehicle in sight while attempting to warn the slower moving traffic of the danger by
flashing his spotlight.

 Meanwhile, frustrated in his attempts to pass the slower traffic, the suspect swerved
into the median and crossed into the northbound lanes. He drove the wrong way on Interstate 35
until he collided head-on with the vehicle in which plaintiffs were traveling. Both occupants were
injured as a result of the collision.

 Plaintiffs sued the City alleging, inter alia, that the officers negligently pursued the
fleeing suspect onto Interstate 35 when the chase should have been discontinued. See Texas Tort
Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (West 1997). As an affirmative
defense, the City asserted governmental immunity via the doctrine of official immunity. The City
moved for summary judgment, which the trial court granted.


DISCUSSION

 In point of error one, plaintiffs assert that the trial court erred in granting summary
judgment for the City based on official immunity of the officers. The standards for reviewing a
summary judgment are well established: (1) the movant for summary judgment has the burden
of showing that no genuine issue of material fact exists and that it is entitled to judgment as a
matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable
inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The function of
summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently
unmeritorious claims and defenses. Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952).

 A governmental entity is, under certain circumstances, liable for its employee's
torts if "the employee would be personally liable to the claimant according to Texas law." Tex.
Civ. Prac. & Rem. Code Ann. § 101.021(1) (West 1997). However, if the employee is protected
from liability by official immunity, then the governmental entity retains its sovereign immunity. 
Dewitt v. Harris County, 904 S.W.2d 650, 653 (Tex. 1995). Thus, in the present case, whether
the officers are shielded by official immunity is essential to the City's claim of sovereign
immunity.

 Governmental employees are entitled to official immunity for the performance of
(1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their
authority. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). The burden is on
the defendant to establish each element of the affirmative defense. Id. In this case, plaintiffs do
not dispute that the police officers were performing a discretionary function within the scope of
their authority. At issue is whether they were acting in "good faith" when they continued to
pursue the suspect onto the interstate highway.

 To establish good faith as a matter of law, a defendant who moves for summary
judgment on the basis of official immunity must show conclusively that "a reasonably prudent
officer might have believed that the pursuit should have been continued." Id. at 656-57. If the
defendant's summary-judgment evidence is adequate to meet that burden, the good-faith test
adopted in Chambers creates an elevated standard of proof for a nonmovant seeking to defeat the
claim of official immunity. Id. at 656. In order to controvert the movant's summary-judgment
proof, the plaintiff must do more than present evidence that a reasonably prudent officer could
have decided to stop the pursuit. Id. at 657. The plaintiff must show that "no reasonable person
in the defendant's position could have thought the facts were such that they justified the
defendant's acts." Id.

 In this case, the City sought to establish good faith by submitting the affidavit of
Daniel Georgiou, a San Antonio police officer whose credentials include familiarity with the
operating procedures for the New Braunfels Police Department. Georgiou stated in his affidavit
that "a reasonable police officer in the positions of Officers Lange, Easley, and Hanna on January
30, 1994 could have believed that the need to immediately apprehend the suspect outweighed a
clear risk of harm to the public in continuing the pursuit." In addition, the City submitted the
affidavit of Ray Douglas, the Chief of Police for the New Braunfels Police Department. Like
Georgiou, Douglas stated in his affidavit that the police officers acted reasonably under the
circumstances.

 To controvert the City's assertions of good faith, plaintiffs produced the affidavit
of Earl Morris, the Deputy Division Director of Law Enforcement for the Utah Department of
Public Safety and the former Bureau Chief for the Standards and In-Service Division at the Utah
Law Enforcement Training Academy. Morris averred that "[n]o reasonably prudent officer could
have believed that the risk of harm posed by Officers Lange, Easley, and Hannah's decision to
continue this chase once the vehicles entered Interstate 35 was outweighed by the need to
apprehend [the juvenile] under the circumstances existing at the time." In particular, Morris
based his opinion on the following facts: prior to pursuing the suspect onto Interstate 35, the
suspect was known by the officers to be a juvenile, the suspect was driving erratically, and the
suspect was driving at a high rate of speed. Morris also reasoned that since the suspect had
repeatedly ignored attempts to pull him over, continued pursuit was not likely to cause him to stop
the vehicle voluntarily.

 The City analogizes the present case to State v. McGeorge, 925 S.W.2d 105 (Tex.
App.--Houston [14th Dist.] 1996, writ denied). The plaintiffs in McGeorge, like plaintiffs in the
present case, were the occupants of an automobile struck by a suspect engaged in a high-speed
chase with police officers. As in the present case, the state moved for summary judgment on the
basis of official immunity. The state presented testimony and affidavits by the pursuing officers,
the Commander of the DPS Training Academy, and a witness to the pursuit. As their only
controverting evidence, the nonmovants (plaintiffs) submitted a portion of the deposition testimony
of an expert witness. In that excerpt, when asked if a reasonably prudent officer under the same
or similar circumstances could believe that the need to apprehend the suspect outweighed the risk
of harm to the public in continuing the pursuit, the expert responded: "I don't believe so. I think
it would be more dangerous to chase him than to let him go." Id. at 109. The trial court denied
the state's motion for summary judgment, and the state appealed. On appeal, the appellate court
rendered judgment in favor of the state, holding that the nonmovants' evidence failed to satisfy
the elevated standard of proof necessary to raise a fact issue and defeat the state's motion for
summary judgment. Id. The court stated, first, that the nonmovants' expert had not
unequivocally testified that no reasonable person in the officer's position could have believed the
officer's actions were reasonable. Id. Second, the court emphasized that the expert had merely
stated his conclusion without even reciting the facts or reasoning upon which the conclusion was
based. Id.

 The present case is easily distinguished from McGeorge. In this case, the expert
testimony produced by the plaintiffs to controvert the City's motion for summary judgment echoes
the elevated standard set forth in Chambers. The expert did not merely give his own subjective
opinion about what he thought was reasonable, but stated an objective conclusion that "no
reasonably prudent officer could have believed that the risk of harm posed by Officers Lange,
Easley and Hannah's decision to continue this chase once the vehicles entered Interstate 35 was
outweighed by the need to apprehend [the juvenile] under the circumstances existing at that time." 
(Emphasis added.) Moreover, the expert based his conclusion on an express review of the specific
facts of the case. Because we must accept as true all evidence favorable to the nonmovants and
resolve any doubts in their favor, we conclude that this testimony sufficiently controverts the
City's proof of good faith.

 We note that the facts and posture of the present case are very similar to City of
Pharr v. Ruiz, 944 S.W.2d 709 (Tex. App.--Corpus Christi 1997, no writ). The plaintiffs in Ruiz
were the occupants of an automobile struck by suspects engaged in a high-speed chase with police
officers. The City of Pharr established its good faith in affidavits submitted by the police chief,
the patrol sergeant, and an expert in law enforcement emergency driving and accident
investigation. To controvert the city's evidence of good faith, the plaintiffs submitted an affidavit
from the same Earl Morris who is plaintiffs' expert in the present case. After reviewing the
deposition testimony of the pursuing officers, the accident report, department policies, and maps
and photos of the area, Morris's affidavit in the Ruiz case stated that "a reasonable official could
not have believed that officers [sic] conduct was reasonable." Id. at 716. The trial court denied
the motion for summary judgment, and the defendant appealed. On appeal, the court affirmed,
concluding that the testimony contained in Morris's affidavit was sufficient to controvert the city's
proof of good faith and thereby raise an issue of fact. Id.

 Because the City's evidence regarding the officer's good faith was controverted by
competent summary-judgment evidence that raised a fact issue as to that element of the city's
official-immunity defense, summary judgment was improper. We sustain point of error one. In
light of this holding, we need not address points of error two and three, which relate to the issue
of proximate cause and various provisions of the Texas Tort Claims Act.


CONCLUSION

 Applying the standards set forth above, we conclude that the summary-judgment
evidence fails to show that no genuine issue of material fact exists and fails to show the City is
entitled to judgment as a matter of law. Accordingly, we reverse the trial court's judgment and
remand the cause to that court for further proceedings.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Reversed and Remanded

Filed: February 26, 1998

Do Not Publish



the pursuing officers,
the Commander of the DPS Training Academy, and a witness to the pursuit. As their only
controverting evidence, the nonmovants (plaintiffs) submitted a portion of the deposition testimony
of an expert witness. In that excerpt, when asked if a reasonably prudent officer under the same
or similar circumstances could believe that the need to apprehend the suspect outweighed the risk
of harm to the public in continuing the pursuit, the expert responded: "I don't believe so. I think
it would be more dangerous to chase him than to let him go." Id. at 109. The trial court denied
the state's motion for summary judgment, and the state appealed. On appeal, the appellate court
rendered judgment in favor of the state, holding that the nonmovants' evidence failed to satisfy
the elevated standard of proof necessary to raise a fact issue and defeat the state's motion for
summary judgment. Id. The court stated, first, that the nonmovants' expert had not
unequivocally testified that no reasonable person in the officer's position could have believed the
officer's actions were reasonable. Id. Second, the court emphasized that the expert had merely
stated his conclusion without even reciting the facts or reasoning upon which the conclusion was
based. Id.

 The present case is easily distinguished from McGeorge. In this case, the expert
testimony produced by the plaintiffs to controvert the City's motion for summary judgment echoes
the elevated standard set forth in Chambers. The expert did not merely give his own subjective
opinion about what he thought was reasonable, but stated an objective conclusion that "no
reasonably prudent officer could have believed that the risk of harm posed by Officers Lange,
Easley and Hannah's decision to continue this chase once the vehicles entered Interstate 35 was
outweighed by the need to apprehend [the juvenile] under the circumstances existing at that time." 
(Emphasis added.) Moreover, the expert based his conclusion on an express review of the specific
facts of the case. Because we must accept as true all evidence favorable to the nonmovants and
resolve any doubts in their favor, we conclude that this testimony sufficiently controverts the
City's proof of good faith.

 We note that the facts and posture of the present case are very similar to City of
Pharr v. Ruiz, 944 S.W.2d 709 (Tex. App.--Corpus Christi 1997, no writ). The plaintiffs in Ruiz
were the occupants of an automobile struck by suspects engaged in a high-speed chase with police
officers. The City of Pharr established its good faith in affidavits submitted by the police chief,
the patrol sergeant, and an expert in law enforcement emergency driving and accident
investigation. To controvert the city's evidence of good faith, the plaintiffs submitted an affidavit
from the same Earl Morris who is plaintiffs' expert in the present case. After reviewing the
deposition testimony of the pursuing officers, the accident report, department policies, and maps
and photos of the area, Morris's affidavit in the Ruiz case stated that "a reasonable official could
not have believed that officers [sic] conduct was reasonable." Id. at 716. The trial court denied
the motion for summary judgment, and the defendant appealed. On appeal, the court affirmed,
concluding that the testimony contained in Morris's affidavit was sufficient to controvert the city's
proof of good faith and thereby raise an issue of fact. Id.

 Because the City's evidence regarding the officer's good faith was controverted by
competent summary-judgment evidence that raised a fact issue as to that element of the city's
official-immunity defense, summary judgment was improper. We sustain point of error one. In
light of this holding, we need not address points of error two and three, which relate to the issue
of proximate cause and various provisions of the Texas Tort Claims Act.


CONCLUSION

 Applying the standards set forth above, we conclude that the summary-judgment
evidence fails to show that no genuine issue of material fact exists and fails to show the City is
entitled to judgment as a matter of law. Accordingly, we reverse the trial court's judgment and
remand the cause to that court for further proceedings.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participati