In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00636-CV

____________


BAYLOR COLLEGE OF MEDICINE,

Appellant


V.


JOHN DAVID TATE, JR., Appellee






On Appeal from the 129th District Court

Harris County, Texas

Trial Court Cause No. 2000-47325






O P I N I O N

 Baylor College of Medicine (Baylor) brings this accelerated appeal contesting
the trial court's denial of its motion for summary judgment. We dismiss the appeal
for lack of jurisdiction.


FACTS


 The underlying suit for personal injury arose out of alleged medical
malpractice. On July 16, 1998, John Tate Jr. (Tate) received treatment at Ben Taub
Hospital (Ben Taub) for a broken ankle. Ben Taub is owned and operated by the
Harris County Hospital District (the District). The District staffs Ben Taub with
resident physicians from Baylor and the University of Texas College of Medicine. 
Two of Baylor's doctors, Dr. Lindsey and Dr. Vagner, provided treatment to Tate's
ankle which required surgery. Tate was released on July 23, 1998. He had follow up
visits on August 7, September 3, and October 1, 1998, with Dr. Goldberg and Dr.
Bartz, also Baylor orthopedic surgery residents. In mid-October, Tate received
treatment in a Conroe hospital for an infection related to his surgery. Tate brought
suit based on medical negligence against Baylor, Ben Taub, the District, and the
doctors who treated him.

 Baylor filed a motion for summary judgment, asserting that it was immune
from liability based on the language in Texas Health and Safety Code section 312.006
and that it could only be liable if immunity was waived under the Texas Torts Claims
Act (TTCA). It argued that, because Tate did not provide it with six months notice
of his claims pursuant to section 101.101(a), it was immune from liability. Tate
responded that the language of section 312.006 only provides a limitation on
damages; it neither provides immunity, nor adopts any of the procedural rules found
in the TTCA. 

 In its order denying Baylor's motion for summary judgment, the trial court held
that Baylor is a supported medical school under chapter 312 of the Texas Health and
Safety Code; that chapter 312 provides only the damages limitation found in section
101.023(a) of the TTCA, not the conferral of immunity; and that the notice
requirement and the waiver of immunity provision of the TTCA do not apply to a
supported medical school. The trial court expressly declined to decide whether Tate
had provided proper notice of its claim to Baylor. Baylor prosecutes this appeal from
that order.

Jurisdiction

 Generally, a Texas appellate court has jurisdiction to hear only an appeal from
a final judgment. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). A
denial of a motion for summary judgment is not a final judgment and is therefore
generally not appealable. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625
(Tex. 1996). However, appellate courts have jurisdiction to consider immediate
appeals of interlocutory orders if a statute explicitly provides appellate jurisdiction. 
Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998); New York Underwriters Ins.
Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990); see also Tex. Civ. Prac. & Rem.
Code Ann. § 51.014 (Vernon Supp. 2002) (statutory list of appealable interlocutory
orders). We construe the statute authorizing interlocutory appeals strictly because it
"is a narrow exception to the general rule that only final judgments and orders are
appealable." Texas Dept. of Transp. v. City of Sunset Valley, 8 S.W.3d 727, 730
(Tex. App.--Austin 1999, no pet.) (citing America Online, Inc. v. Williams, 958
S.W.2d 268, 271 (Tex. App.--Houston [14th Dist.] 1997, no pet.)); see also City of
Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750, 753 (Tex. App.--Austin 1998, no pet.);
Tober v. Turner of Texas, Inc., 668 S.W.2d 831, 835 (Tex. App.--Austin 1984, no
writ). 

Section 51.014(5)


 Baylor argues that we have jurisdiction over this appeal pursuant to section
51.014(5) of the Texas Practice and Remedies Code, which provides that "a person
may appeal from an interlocutory order of a district court . . . that denies a motion for
summary judgment that is based on an assertion of immunity by an individual who
is an officer or employee of the state or a political subdivision of the state." Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(5) (emphasis added). On appeal, Baylor
contends that its motion for summary judgment is based in part on the doctors' (1)
official immunity, and that it is entitled to the benefits of section 51.014(5) based on
its having been sued on the theory of vicarious liability. 

 In support of its argument, Baylor cites City of Houston v. Swindall and State
v. McGeorge. We address these cases in turn. 

 In City of Houston v. Swindall, the City brought an interlocutory appeal from
the denial of a motion for summary judgment. 960 S.W.2d 413, 414 (Tex.
App.--Houston [1st Dist.] 1998, no pet.). Swindall argued that we did not have
jurisdiction because the City's claim of immunity was based on the theoretical
assertion of official immunity by an unnamed defendant. Id. at 416. In holding that
the case was properly before us, we recognized that the supreme court had recently
stated that an intermediate court has jurisdiction over an interlocutory appeal, "if the
government bases its theory of sovereign immunity on either the actual or
hypothetical assertion of official immunity." Id. (citing City of Beverly Hills v.
Guevara, 904 S.W.2d 665, 656 (Tex. 1995)). 

 In State v. McGeorge, the State appealed the trial court's denial of its motion
for summary judgment. 925 S.W.2d 105, 107 (Tex. App.--Houston [14th Dist.]
1996, pet. denied). The appellate court held that it had jurisdiction over the appeal
because the phrase, "assertion of immunity by an individual who is an officer or
employee of the state," is "satisfied where a claim of immunity by a governmental
entity in its motion for summary judgment is based on an assertion of official
immunity of an employee, even where, as here, the employee is neither a movant for
summary judgment or even a party to the suit." Id. 

 Baylor correctly points out that, based on these two cases, it is not necessary
that the individual claiming official immunity be a party to the summary judgment. 
Swindall, 960 S.W.2d at 416; McGeorge, 925 S.W.2d at 107. However, both cases
require that the summary judgment motion be based on the assertion of official
immunity by an individual and liability of the governmental entity premised on
vicarious liability. Swindall, 960 S.W.2d at 416; McGeorge, 925 S.W.2d at 107.

 Baylor makes an argument that its summary judgment motion is based on the
assertion of immunity by the doctors. After reviewing the summary judgment motion
and all supplemental motions for summary judgment, we conclude that its motion was
not based on the assertion of immunity by the doctors. Indeed, in their answer, the
doctors did not assert the affirmative defense of official immunity. In addition,
although plaintiffs sought recovery from Baylor based on both direct negligence and
vicarious liability, Baylor's motion for summary judgment addressed only direct
negligence. Accordingly, section 51.014(5) does not afford appellate jurisdiction
over this interlocutory appeal. See City of Houston v. Kilburn, 849 S.W.2d 810, 812
(Tex. 1993) (holding that court of appeals did not have jurisdiction because "city
employee never asserted the affirmative defense of qualified immunity, nor filed his
own motion for summary judgment on the issue of qualified immunity"); Austin
Indep. Sch. Dist. v. Gutierrez, 54 S.W.3d 860, 862 n.2 (Tex. App.--Austin 2001, no
pet.) (concluding that it had no jurisdiction to consider denial of summary judgment
because it was not based on assertion of immunity by individual officer or employee
of state). 

Section 51.014(8)


 Baylor alternatively argues that jurisdiction is conferred by section eight, which
provides that a person may appeal from an interlocutory order that "grants or denies
a plea to the jurisdiction by a governmental unit as that term is defined in Section
101.001." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8). State agencies are
"governmental units" under section 101. Tex. Civ. Prac. & Rem. Code Ann. §
101.001(3)(a) (Vernon Supp. 2002). As a defined "supported medical school,"
Baylor is statutorily declared to be a state agency for limited purposes, as applicable
in this case. Tex. Health & Safety Code Ann. § 312.007 (Vernon Supp. 2002). 

 As a prerequisite in deciding whether this Court has jurisdiction to address this
interlocutory appeal, we must first determine whether Baylor's motion for summary
judgment and subsequent motions can be construed as a plea to the jurisdiction. We
recognize that the nature of a pleading is determined by its substance, not by its
format or caption. Tex. R. Civ. P. 71; Toubaniaris v. American Bureau Shipping, 916
S.W.2d 21, 23 (Tex. App.--Houston [1st Dist.] 1995, no writ). Its substance is
determined by what effect it will have on the proceeding if granted. Austin
Neighborhoods Council v. Board of Adjustment, 644 S.W.2d 560, 565 (Tex.
App.--Austin 1982, writ ref'd n.r.e.). 

 To determine the nature of Baylor's pleading, we must identify its asserted
basis for relief. We examine Baylor's motion for summary judgment to determine
whether it should be considered as a plea to the jurisdiction for purposes of analysis
under section 51.014(8). 

 There is some confusion whether, in its motion for summary judgment, Baylor
claimed immunity from suit, immunity from liability, or both. Immunity from suit
and immunity from liability are separate principles. Texas Dep't Of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999). They afford the State and its agencies distinct
protections, and their procedural postures are entirely different. Perhaps the greatest
difference between these types of immunities is their respective jurisdictional
ramifications.

 Immunity from suit prohibits an action against the State unless consent to the
suit has been expressly provided. Id. It is the burden of the party suing the State to
establish the State's consent, by alleging either a statute or another express legislative
permission. Id. Immunity from suit defeats a trial court's subject matter jurisdiction
and is properly asserted in a plea to the jurisdiction. Id. at 638-39.

 By contrast, immunity from liability prohibits adverse judgments against the
State even if there is consent to sue. Id. This type of immunity is an affirmative
defense, which must be pleaded to avoid waiver. Id. The trial court's jurisdiction is
unaffected by immunity from liability. Id. The appropriate procedural mechanism
to assert immunity from liability is in a motion for summary judgment. 

 In section 51.014(8), the Legislature intended that interlocutory appeal be
available only to challenge the granting or denial of a plea to the jurisdiction by a
governmental unit. Clearly, this section applies to, among other things, assertions of
immunity from suit. It does not apply to assertions of immunity from liability. 
Hence, it is necessary to determine the nature of Baylor's claim.

 In Baylor's third amended original answer, it asserted that it is immune from
liability and that no waiver has occurred pursuant to section 101.021 (which waives
immunity from liability). Tex. Civ. Prac. & Rem. Code Ann. § 101.021
(Governmental Liability). In Baylor's first motion for summary judgment, it asserted
immunity from liability pursuant to section 312.006. Tex. Health & Safety Code
Ann. § 312.006. Baylor argues that the notice provisions provided for in the TTCA
apply to Tate's claims. It contends that, because Tate failed to give notice in a timely
manner, it was entitled to summary judgment. Throughout the motion, Baylor
asserted immunity from liability. Baylor also detailed the proper motion for summary
judgment standard of review . Most importantly, Baylor did not challenge the trial
court's jurisdiction to hear the case.

 In its reply to Tate's response to the summary judgment motion, Baylor argued
that it was entitled to summary judgment because Tate failed to give notice. Baylor
concluded the reply by stating, "it is clear that [Tate's] evidence fails to create an
issue of material fact on the claim that Baylor had actual notice of its culpability for
an injury to John Tate." Once again, Baylor did not assert that the trial court lacked
jurisdiction.

 In its supplemental motion for summary judgment and motion to reconsider
motion for summary judgment, Baylor asserted that it is entitled to summary
judgment on two bases: (1) it is statutorily immune from liability and (2) Tate failed
to give notice. In this supplement, Baylor continued to assert that it was "not liable
(i.e., is immune from liability)." In interpreting the phrase, "is not liable" in section
312.006, Baylor argued that "[s]uch words can have no meaning other than 'is
immune from liability.'" Baylor also made numerous references to section 101.021
of the TTCA. In fact, one of its headings is entitled, "Plaintiff's Claim Does Not Fall
Within TTCA Section 101.021 Waiver of Immunity." (2) 

 Finally, in its second motion to reconsider motion for summary judgment,
Baylor continued to argue that section 312.006 grants it immunity from liability. 
Once again, Baylor stated that Chapter 312 of the Health and Safety Code lends itself
to only one interpretation: that Baylor is not liable (i.e. immune from liability). 
References to immunity from liability and section 101.021 of the TTCA are also
found throughout the motion.

 After reviewing Baylor's answer and the content of the numerous motions for
summary judgment, we can conclude only that Baylor was asserting a motion for
summary judgment based on immunity from liability and not a plea to the jurisdiction
based on immunity from suit. We hold that Baylor's motion for summary judgment
cannot be construed as a plea to the jurisdiction because the content of the motion did
not assert that the trial court lacked subject matter jurisdiction. Further, immunity
from liability, which Baylor clearly asserted, would not have properly been raised in
a plea to the jurisdiction because that affirmative defense does not deprive the court
of subject matter jurisdiction. Tex. Dep't. of Transp., 8 S.W.3d at 638. 

Conclusion


 We dismiss the appeal for lack of jurisdiction. 


 Adele Hedges

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Publish. Tex. R. App. P. 47.

1. Doctors Goldberg, Vagner, Bartz, and Lindsey.
2. Section 101.021 provides a waiver of immunity from liability.