ACCEPTED
13-15-00122-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/12/2015 9:09:27 AM
DORIAN RAMIREZ
CLERK

## NO. 13-15-00122-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
5/12/2015 9:09:27 AM
DORIAN E. RAMIREZ
Clerk

# IN THE THIRTEENTH COURT OF APPEALS
# CORPUS CHRISTI, TEXAS

THE CITY OF BAY CITY, TEXAS
*Appellant/Defendant*

v.

WADE MCFARLAND
*Appellee/Plaintiff*

On Appeal from the 23rd District Court, Matagorda County, Texas
Trial Court Cause No. 12-H-0516-C;
Honorable Ben Hardin, Presiding

## APPELLANT'S BRIEF

Steven D. Selbe
State Bar No. 18004600
Andrew J. Pratka
State Bar No. 24079159
GORDON & REES, LLP
1900 W. Loop S., Ste. 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
sselbe@gordonrees.com
apratka@gordonrees.com

**Counsel for Appellant**
**The City of Bay City, Texas**

## ORAL ARGUMENT REQUESTED

# PARTIES AND COUNSEL

The parties to the trial court's judgment and the names and addresses of all trial and appellate counsel are listed below. TEX. R. APP. P. 38.1(a).

**Defendant/Appellant The City of Bay City, Texas**

Steven D. Selbe
State Bar No. 18004600
Andrew J. Pratka
State Bar No. 24079159
GORDON & REES LLP
1900 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938
sselbe@gordonrees.com
apratka@gordonrees.com

**Plaintiff/Appellee Wade McFarland**

David Romagosa
State Bar No. 24047493
FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Telephone: (713) 221-8300
Facsimile: (713) 221-8301
david@fbtrial.com

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ................................................ix

STATEMENT OF THE CASE.................................................................................1

STATEMENT OF JURISDICTION.......................................................................2

STATEMENT OF FACTS ......................................................................................3

SUMMARY OF ARGUMENT ..............................................................................4

ARGUMENTS AND AUTHORITIES ...................................................................5

I.     STANDARDS OF REVIEW.........................................................................5

II.    STANDARD FOR PLEA TO THE JURISDICTION ...................................5

III.   TRADITIONAL SUMMARY JUDGMENT STANDARD...........................6

       A.     Governmental Immunity .................................................................7

       B.     Official Immunity..........................................................................7

IV.   ISSUE NO. 1: THE CITY IS ENTITLED TO A PRESUMPTION OF GOVERNMENT IMMUNITY AND THE CITY'S SOVEREIGN IMMUNITY IS NOT WAIVED BECAUSE OFFICER KUNZ OPERATED HER PATROL CAR IN COMPLIANCE WITH THE LAW AND NOT IN A RECKLESS MANNER OR WITH CONSCIOUS INDIFFERENCE. ........................................................................8

       A.     The Emergency Exception to Immunity Waiver is Applicable ............8

             1.     Officer Kunz Complied With Texas Traffic Laws .....................9

             2.     Officer Kunz Did Not Act Recklessly or With Conscious Disregard for the Safety of Others...........................................11

                   a.     *Texas Department of Public Safety v. Sparks*.................14

                   b.     *City of Pasadena v. Kuhn* ...............................................19

                   c.     *Smith v. Janda*.................................................................20

       d.      No Evidence of Recklessness ..........................................22

V.    ISSUE NO. 2: THE CITY IS ENTITLED TO OFFICIAL IMMUNITY BECAUSE OFFICER KUNZ ACTED IN GOOD FAITH AND A REASONABLY PRUDENT POLICE OFFICER, UNDER THE CIRCUMSTANCES, WOULD HAVE REACHED THE SAME DECISION. ........................................................26

    A.    Officer Kunz is Entitled to Official Immunity and the City is Entitled to Sovereign Immunity .....................................................27

        1.    Officer Kunz Performed Discretionary Duties within Her Scope of Authority ..............................................................28

        2.    Officer Kunz Acted in Good Faith ...........................................28

        3.    *City of San Angelo Fire Department v. Hudson* ........................30

        4.    Affidavit and Testimony of Officer Kunz .................................32

            a.      Imminent Need .................................................32

            b.      Immediate Danger Outweighed Risk .............................33

        5.    *Green v. Alford* Is Distinguishable From the Present Case ......35

        6.    Plaintiff's Expert's Opinion Fails to Offer Any Reliable Evidence of Bad Faith ..........................................................37

    C.    Public Policy Underlying Official Immunity .......................................39

CONCLUSION ......................................................................................................40

PRAYER ................................................................................................................40

CERTIFICATE OF COMPLIANCE UNDER TEX. R. APP. P. 9.4(I)(3) .............41

CERTIFICATE OF SERVICE ...............................................................................42

APPELLANT'S APPENDIX ..................................................................................43

# TABLE OF AUTHORITIES

CASES

*Barker v. City of Galveston*,
   907 S.W.2d 879 (Tex. App.–Houston [1st Dist.]
   1995, writ denied)...................................................................................... 30

*Bland Indep. Sch. Dist. v. Blue*,
   34 S.W.3d 547 (Tex. 2000) ......................................................................... 6

*Cathey v. Booth*,
   990 S.W.2d 339 (Tex. 1995) ....................................................................... 6

*City of Amarillo v. Martin*,
   971 S.W.2d 426 (Tex. 1998) ...........................9, 12, 13, 20, 22, 23, 24

*City of Arlington v. Barnes*,
   No. 02-07-249-CV, 2008 Tex. App. LEXIS
   2236 (Tex. App.—Fort Worth Mar. 27, 2008,
   pet. denied) ...................................................................................... 17, 25, 43

*City of Dallas v. Garcia*,
   1998 Tex. App. LEXIS 1785 (Tex. App.—
   Dallas 1998, no pet.).................................................................................. 30

*City of Lancaster v. Chambers*,
   884 S.W.2d 650 (Tex. 1994) ............................ 7, 8, 27, 28, 29, 37, 40

*City of Laredo v. Varela,*
   2011 Tex. App. LEXIS 3485 (Tex. App.—San
   Antonio, 2011, pet. denied) .............................................. 18, 22, 26, 43

*City of Pasadena v. Kuhn,*
   260 S.W.3d 93 (Tex. App.—Houston [1st Dist.]
   2008, no pet.) ................................................... 11, 13, 19, 20, 22, 24, 25

*City of San Angelo Fire Dep't v. Hudson*,
   179 S.W.3d 695 (Tex. App.—Austin 2005, no
   pet.).................................................... 13, 18, 22, 24, 25, 30, 31, 32

*City of San Antonio v. Hartman,*
   201 S.W.3d 667 (Tex. 2006) ............................................... 9, 11, 14

*Cont'l Coffee Prod. Co. v. Cazarez*,
937 S.W.2d 444 (Tex. 1996) ........................................................... 5

*DeWitt v. Harris County*,
904 S.W.2d 650 (Tex. 1995) ...................................................... 7, 27

*Green v. Alford*,
274 S.W.3d 5 (Tex. App.—Houston [14th Dist.]
2008, pet denied) ..................................................................... 35, 36

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982) ..................................................................... 40

*Kaufman County. v. Leggett,*
396 S.W.3d. 24 (Tex. App.—Dallas 2012, pet.
denied) ......................................................................................... 9

*Lamar Univ. v. Doe*,
971 S.W.2d 191 (Tex. App.—Beaumont 1998,
no pet.) .......................................................................................... 7

*Lowe v. Tex. Tech Univ.*,
540 S.W.2d 297 (Tex. 1976) .......................................................... 7

*Mem'l Villages Police Dep't v. Gustafson*,
2011 Tex. App. LEXIS 6595 (Tex. App.—
Houston [1st Dist.] 2011, no pet.) ............................................... 30

*Montgomery County v. Fuqua*,
22 S.W.3d 662 (Tex. App.—Beaumont 2000, no
pet.) ............................................................................................... 7

*Nixon v. Mister Prop. Mgmt. Co.*,
690 S.W.2d 546 (Tex. 1995) .......................................................... 6

*Smith v. Janda*,
126 S.W.3d 543 (Tex. App.—San Antonio 2003,
no pet.) ................................................. 13, 20, 21, 22, 24, 34

*State v. McGeorge*,
925 S.W.2d 105 (Tex. App.–Houston [14th
Dist.] 1996, writ denied) ............................................................. 30

*Telthorster v. Tennell,*
   92 S.W.3d 457 (Tex. 2002) ................................................... 39

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,*
   852 S.W.2d 440 (Tex. 1993) ..................................................... 5

*Tex. Dep't of Pub. Safety v. Sparks,*
   347 S.W.3d 834 (Tex. App.—Corpus Christi
   2011) ........................................ 14, 15, 16, 17, 18, 22, 23, 25, 39

*Tex. Dept. of Parks and Wildlife v. Miranda,*
   133 S.W.3d 217 (Tex. 2004) ................................................. 5, 7

*Tex. Highway Dep't v. Jarrell,*
   418 S.W.2d 486 (Tex. 1967) ................................................. 5, 6

*Torres v. Owens,*
   380 S.W.2d 30 (Tex. Civ. App.—Corpus Christi
   1964, writ refused n.r.e.) ....................................................... 28

*Travis v. City of Mesquite,*
   830 S.W.2d 94 (Tex. 1992) (Cornyn, J.,
   concurring) ........................................................................... 39

*Univ. of Houston v. Clark,*
   38 S.W.3d 578 (Tex. 2000) .................................................. 8, 39

*Wadewitz v. Montgomery,*
   951 S.W.2d 464 (Tex. 1997) ................................................. 29

STATUTES

TEX. CIV. PRAC. & REM. CODE § 101.021(1)(B) ............................... 7, 9

TEX. CIV. PRAC. & REM. CODE § 101.055(2) ............. ix, 8, 9, 11, 14, 19, 20, 21, 26

TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) ........................................ 2

TEX. GOV'T CODE ANN. § 312.002 ................................................... 11

TEX. TRANSP. CODE § 545.156 ........................................... 9, 10, 24, 34

TEX. TRANSP. CODE § 546.001(2) ................................ 3, 9, 10, 16, 18, 22, 24, 26

RULES

Tex. R. App. P. 38.1(a). ............................................................... ii

Tex. R. App. P. 39.7 ..................................................................... ix

Tex. R. App. P. 9.4(i)(2)(B) .......................................................... 41

## STATEMENT REGARDING ORAL ARGUMENT

Appellants request oral argument of this appeal. TEX. R. APP. P. 39.7. Oral argument will be helpful to the court in deciding whether the waiver of government immunity exclusion contained in Section 101.055(2) of the Texas Practices & Remedies Code applies in order to determine whether or not the trial court has subject matter jurisdiction to determine the issue in controversy.

**TO THE HONORABLE COURT OF APPEALS:**

Appellant the City of Bay City, Texas (the "City" or "Bay City") requests that this Court reverse the trial court's Order denying its Plea to the Jurisdiction and Traditional Motion for Summary Judgment and render judgment for Appellant.

**STATEMENT OF THE CASE**

This is a case for damages arising out of injuries Plaintiff/Appellee Wade McFarland ("McFarland" or "Plaintiff") alleges he received in an automobile/motorcycle accident with Bay City Police Officer Kimberly Kunz ("Officer Kunz" formerly "Officer Martinez") that occurred on June 5, 2011, in Bay City, Texas. (CR 5-8). Plaintiff filed suit against Bay City alleging negligent hiring, training, supervision, and retention of Officer Kunz, and for vicarious liability under the theory of *respondeat superior* for the negligence, negligence per se, gross negligence and/or malice of Officer Kunz. (CR 5-8).

On June 9, 2014, the City filed a Plea to the Jurisdiction and Traditional Motion for Summary Judgment asking the Court to grant judgment for the City and dismiss Plaintiff's claims with prejudice for lack of subject matter jurisdiction. (CR 14-49). On March 6, 2015, after oral hearing, the Court denied the City's Plea to the Jurisdiction. (CR 79). The City timely filed its Notice of Interlocutory Appeal on February 27, 2015. (CR 80-81).

## STATEMENT OF JURISDICTION

This court has jurisdiction under Section 51.014(a)(8) of the Texas Civil Practice & Remedies Code because this is an accelerated appeal from an interlocutory order denying a plea to the jurisdiction of a governmental unit in a civil lawsuit in the 23rd Judicial District of Matagorda County, Texas, and the denial of a motion for summary judgment based on the official immunity of Officer Kunz.

**STATEMENT OF FACTS**

On June 4, 2011, Officer Kunz of the Bay City Police Department was responding to a domestic disturbance call involving multiple combatants with weapons in a household with children. (CR 11, 35). Officer Kunz was driving a marked patrol car following another officer to the disturbance. (CR 30, 35). Both vehicles had their lights and sirens activated in response to the disturbance call and were approaching a one way stop sign intersection in a residential neighborhood. (CR 30-31, 35). The lead patrol car reached the intersection and proceeded through the stop sign ahead of Officer Kunz. (CR 30-31, 35).

Officer Kunz reached the intersection a short time later and slowed down to check for oncoming traffic. (CR 31, 35). As Officer Kunz was approaching the intersection, she observed Plaintiff on her left approaching the intersection on a motorcycle. (CR 31, 35-36). Plaintiff was required to yield the right of way for an emergency vehicle under Texas law, however, Plaintiff failed to do so. (CR 33, 35-36). Officer Kunz continued through the intersection rolling through the stop sign at a low rate of speed as permitted by TEX. TRANSP. CODE § 546.001(2). (CR 30-32, 35-36, 38).

Plaintiff failed to yield and proceeded through the intersection despite the fact that Officer Kunz's patrol car's emergency lights and siren were activated. (CR 30-31, 35-36, 38). Plaintiff testified that he saw the lead patrol car go through

3

the intersection with its lights and sirens activated, but Plaintiff simply never looked to see if another patrol car was following behind the lead car. (CR 42). Officer Kunz was not driving at a high rate of speed and tried to avoid Plaintiff's motorcycle, but was unable to prevent a collision. (CR 30-32, 35-36).

Plaintiff allegedly sustained injuries to his back and wrist as a result of the incident. (CR 43). Plaintiff subsequently filed suit against Bay City alleging negligent hiring, training, supervision, and retention of Officer Kunz, and for vicarious liability under the theory of *respondeat superior* for the negligence, negligence per se, gross negligence and/or malice of Officer Kunz. (CR 4-6).

## SUMMARY OF ARGUMENT

The trial court erred in denying the City's Plea to the Jurisdiction and Traditional Motion for Summary Judgment and the City is entitled to a dismissal of Plaintiff's claims on the following grounds:

1. The City is entitled to a presumption of entitlement to government immunity and the City's sovereign immunity is not waived because Plaintiff failed to show Officer Kunz operated her patrol car in a reckless manner for immunity to be waived; and

2. The City is entitled to immunity because Officer Kunz is immune from liability for discretionary acts performed in good faith within the scope of her authority and a reasonably prudent police officer, under the circumstances, would have reached the same decision.

## ARGUMENTS AND AUTHORITIES

### I.   STANDARDS OF REVIEW

Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling de novo.  *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).  When reviewing a plea to the jurisdiction in which the pleading requirements have been met and evidence has been submitted to support the plea that implicates the merits of the case, the appellate court must take as true all evidence favorable to the non-movant.  *Id.*

### II.   STANDARD FOR PLEA TO THE JURISDICTION

It is well established under Texas law that a plaintiff bears the burden of demonstrating that the Court has subject-matter jurisdiction over a claim asserted against a governmental entity.  *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).  Subject-matter jurisdiction is essential to the power of a tribunal to decide a case, and without subject-matter jurisdiction a court cannot render a valid judgment.  *Id.* at 443.   Subject-matter jurisdiction cannot be presumed and cannot be waived.  *Cont'l Coffee Prod. Co. v. Cazarez*, 937 S.W.2d 444, 448-49 n.2 (Tex. 1996).

A plea to the jurisdiction is proper when a court lacks subject-matter jurisdiction to determine the subject to the controversy.  *Tex. Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967).  A plea to the jurisdiction raises defects

in jurisdiction that cannot be cured; therefore, the goal of the plea to the jurisdiction is to have the court dismiss the cause of action. *Jarrell*, 418 S.W.2d at 489. The purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

## III. TRADITIONAL SUMMARY JUDGMENT STANDARD

The standard for traditional summary judgment is well established: (1) the movant for summary judgment has the burden of showing there is not genuine issues of material fact and is entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as truth; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mister Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1995). Summary judgment is proper for a defendant when the evidence conclusively negates an essential element of plaintiff's cause of action or conclusively establishes of the elements of an affirmative defense so that the defendant must be granted judgment as a matter of law. *Cathey v. Booth*, 990 S.W.2d 339, 341 (Tex. 1995).

## A. Governmental Immunity

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226. A governmental unit may not be sued for the torts of its agents in the absence of a constitutional or statutory provision that waives its governmental immunity for alleged wrongful acts. *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). As such, dismissal for want of jurisdiction is proper when a lawsuit is barred by governmental immunity. *Lamar Univ. v. Doe*, 971 S.W.2d 191, 196 (Tex. App.—Beaumont 1998, no pet.). If a plaintiff fails to allege facts within a petition which establish a waiver of immunity, dismissal for lack of subject-matter jurisdiction is appropriate. *Montgomery County v. Fuqua*, 22 S.W.3d 662, 665 (Tex. App.—Beaumont 2000, no pet.).

## B. Official Immunity

Official immunity is an affirmative defense that protects government employees from personal liability. *City of Lancaster v. Chambers*, 884 S.W.2d 650, 653 (Tex. 1994). When official immunity shields a governmental employee from liability, sovereign immunity shields the governmental employer from vicarious liability. TEX. CIV. PRAC. & REM. CODE § 101.021(1)(B). *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex. 1995). Official immunity protects law enforcement officers from liability for (1) the performance of discretionary duties;

(2) within the scope of the officer's authority; (3) provided the officer acts in good faith. *Chambers*, 883 S.W.2d at 653. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580-81 (Tex. 2000). Notably, official immunity has a different standard than mere negligence. *Chambers*, 884 S.W.2d at 665.

IV. **ISSUE NO. 1: THE CITY IS ENTITLED TO A PRESUMPTION OF GOVERNMENT IMMUNITY AND THE CITY'S SOVEREIGN IMMUNITY IS NOT WAIVED BECAUSE OFFICER KUNZ OPERATED HER PATROL CAR IN COMPLIANCE WITH THE LAW AND NOT IN A RECKLESS MANNER OR WITH CONSCIOUS INDIFFERENCE.**

The Court erred in denying the City's Plea to the Jurisdiction because the City is entitled to a presumption of entitlement to government immunity, Officer Kunz acted in compliance with the laws applicable to an emergency action and did not drive her car recklessly or with conscious indifference to the safety of others.

A. **The Emergency Exception to Immunity Waiver is Applicable**

The Texas Tort Claims Act waives immunity from liability and suit only under narrow and specific circumstances listed in the Act. In addition, the Act excludes and/or excepts the waiver of immunity in emergency situations even if the waiver of immunity would otherwise apply. Section 101.055(2) of the Act governs the waiver of government immunity in emergency actions and states:

> This chapter does not apply to a claim arising . . . from the action of an employee while responding to an emergency call or reacting to an emergency situation **if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of**

8

**such law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others . . .**

TEX. CIV. PRAC. & REM. CODE § 101.055(2). Courts interpreting this provision have held that "[w]hen the exception applies, the [Act] is unavailable as a waiver of immunity even if the facts otherwise fall within a waiver found in Section 101.021." *Kaufman County v. Leggett,* 396 S.W.3d. 24, 29 (Tex. App.—Dallas 2012, pet. denied) (*citing City of San Antonio v. Hartman,* 201 S.W.3d 667, 671-72 (Tex. 2006)).

Accordingly, government immunity is not waived pursuant to Section 101.055(2) of the Act if the government employee acted in compliance with applicable laws and/or ordinances, or in the absence of such, if the government employee's actions were not taken with conscious indifference or reckless disregard for the safety of others.

### 1. Officer Kunz Complied With Texas Traffic Laws

Government immunity is not waived in this instance, because Officer Kunz's actions while responding to the emergency complied with Texas traffic laws.

Under Texas law, a peace officer has the right-of-way at an intersection when operating under emergency circumstances. *City of Amarillo v. Martin*, 971 S.W.2d 426, 432 (Tex. 1998); TEX. TRANSP. CODE §§ 545.156 and 546.001 *et seq*. Section 546.001(2) of the Texas Transportation Code allows police officers to

9

proceed through a stop sign, after slowing as necessary for safe operation. TEX. TRANSP. CODE § 546.001(2). Section 545.156 of the Texas Transportation Code further provides that, on the immediate approach of an emergency vehicle using audible and visual signals, an operator, unless otherwise directed by a police officer, shall yield the right-of-way, immediately pull over to the edge of the roadway clear of any intersection, and stop and remain standing until the emergency vehicle has passed. TEX. TRANSP. CODE § 545.156.

In this instance, Officer Kunz operated her patrol car in compliance with the Texas Transportation Code while responding to the emergency call for the domestic disturbance. Officer Kunz had her warning lights and sirens activated when responding to the call and slowed down and safely cleared the roadways before proceeding through the intersection. (CR 30-33, 35-36). Officer Kunz observed Plaintiff approaching the intersection and found no indication that he would not yield the right of way. (CR 36). Plaintiff was aware that police officers are allowed to proceed through stop signs under these circumstances, yet he did not yield despite the fact that it was apparent Officer Kunz was responding to an emergency and had her lights and sirens activated. (CR 30-33, 35-36, 38, 41).

Because Officer Kunz's had her lights and sirens activated when responding to the domestic disturbance call and slowed down before entering the intersection, she was in compliance with Section 546.001(2) of the Texas Transportation Code,

10

and government immunity is not waived pursuant to Section 101.055(2) of the Act. Accordingly, the trial court erred in denying the City's Plea to the Jurisdiction because Officer Kunz's actions while responding to the emergency complied with Texas traffic laws and, therefore, immunity is not waived pursuant to Section 101.055(2) of the Act.

**2.      Officer Kunz Did Not Act Recklessly or With Conscious Disregard for the Safety of Others**

Texas law requires a showing of recklessness for government immunity to be waived in claims arising out of an emergency situation or action. Plaintiff failed to show any evidence Officer Kunz acted recklessly in order to overcome the immunity exception under Section 101.055(2) of the Act, and the Court erred in denying the City's Plea to the Jurisdiction because the Court lacks subject-matter jurisdiction to determine the subject in controversy.

"Reckless" means something more than taking calculated risk or momentary lapses in judgment. The terms "conscious indifference" and "reckless disregard" are not defined, and therefore courts give them their ordinary meaning. TEX. GOV'T CODE ANN. § 312.002; *Hartman,* 201 S.W.3d at 672 n. 19 (Tex. 2006); *City of Pasadena v. Kuhn,* 260 S.W.3d 93, 99 (Tex. App.—Houston [1st Dist.] 2008, no pet.). The Texas Supreme Court has stated that these terms "require proof that a party knew the relevant facts but did not care about the result." *Kuhn,* 260 S.W.3d at 99 (quoting *Hartman,* 201 S.W.3d at 672 n.19).

11

The Texas Supreme Court also established a test to govern the recovery of damages for claims arising out of a public servant's use of a motor vehicle in an emergency. *Martin,* 971 S.W.2d at 430. In *Martin*, the Texas Supreme Court held that public servants cannot be liable for mere negligence and requires a showing of recklessness. *Id*. at 432. "To recover damages resulting from the emergency operation of an emergency vehicle, the Plaintiff must show that the operator has committed an act that the operator knew or should have known, posed a hire degree of risk of serious injury." *Id* at 430. In creating a reckless standard, one of the Court's concerns was to serve the "public's interest minimizing emergency response and delays." *Id*. at 433.

This is consistent with this State's policy in emergency cases to balance the rights of by-standers or other innocent parties against the injustice of subjecting to liability emergency vehicle operators (who are required to exercise discretion in their jobs) and the dangers of threat of such liability would deter their willingness to execute their duties with the decisiveness and judgment required by the public good. *Id* at 431. It is important to allow those in the police officer's position to exercise the duties of their respective officers without fear of liability as they are "charged with protecting the public's health, safety and property, and a few minutes and even seconds could make the difference between life and death." *Id*.

12

The essence of "recklessness" is in showing more than a mere "momentary judgment lapse." *Martin*, 971 S.W.2d at 430. This standard allows emergency vehicle operators to take "calculated risks" in order to save life or property. *Id*. Officials are not required to eliminate all risk, or proceed only when there is no possibility that injury will occur. An officer does not act recklessly and, therefore, is not liable, if he proceeds in an intersection against a red light or a stop sign even though some risk of harm exists. *See Kuhn*, 260 S.W.3d at 100 (holding evidence that there was a blind intersection, that plaintiff's vehicle sustained a great deal of damage and conclusory statements that officer was driving at a high rate of speed was insufficient to raise fact issue as to "reckless disregard"); *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 701-02 (Tex. App.—Austin 2005, no pet.) (holding no evidence of reckless disregard for safety of others where officer entered intersection without stopping and witness did not hear brakes being applied); *Smith v. Janda*, 126 S.W.3d 543 (Tex. App.—San Antonio 2003, no pet.) (holding that evidence was insufficient to establish recklessness when ambulance driven to emergency with lights and sirens and slowed down without coming to a complete stop at an intersection).

In the present case, Plaintiff can only show that Officer Kunz took a calculated risk in driving through the intersection under the circumstances perceived by her. In order to prove recklessness it requires proof "that a party

knew the relevant facts but did not care about the result." *Hartman*, 201 S.W.3d at 672 n.19. Furthermore, to avoid a dismissal a plaintiff must actually adduce evidence of recklessness and cannot rely on pleadings and allegations alone. *Id.* at 671-72.

### a. *Texas Department of Public Safety v. Sparks*

In a similar emergency collision case, the Corpus Christi Court of Appeals reversed a trial court's denial of the Texas Department of Public Safety's ("DPS") plea to the jurisdiction and motion for summary judgment, holding that the DPS retained government immunity from suit based upon the emergency exception contained in Section 101.055(2) of the Act. *Tex. Dep't of Pub. Safety v. Sparks,* 347 S.W.3d 834 (Tex. App.—Corpus Christi 2011).

In that case, several DPS units were pursuing a speeding motorcycle in Victoria, Texas. *Id*. at 836. During the pursuit, one DPS patrol car attempted to prevent the motorcycle from turning towards a school zone and entered an intersection against a red light and collided with another vehicle. *Id*. The DPS moved for summary judgment seeking to establish that the DPS officer was not reckless as a matter of law and that no subject matter jurisdiction existed because the city was immune from suit under the emergency exception contained in Section 101.055(2) of the Act. *Id*.

In response, the plaintiff attempted to raise a fact issue with testimony from the plaintiff's accident reconstruction expert and two other DPS officers, arguing that the officer acted recklessly by not stopping at the red light and/or not properly clearing the roadway before entering the intersection. *Id*. at 839-40. Specifically, the plaintiff argued that the officer violated Section 546.001 of the Texas Transportation Code, and that the officer should not have entered the intersection until it was apparent that all drivers had yielded the right of way. *Id*.

According to deposition testimony from the plaintiff's expert, plaintiff's expert reviewed the patrol car video and concluded that the officer exhibited reckless disregard and conscious indifference to public safety by entering the intersection against the red light. *Id*. at 843. The expert conceded that the officer slowed down before entering the intersection and noted that the officer was not required to stop for the red light. *Id*. The expert further testified that the officer cleared the left lane as he was slowing down to approach the intersection, but did not clear the left lane again before entering the intersection. *Id*.

The plaintiff also relied on the deposition testimony and report of the officer's supervisor to raise a fact issue as to whether the officer acted recklessly. According to the supervisor's report, the supervisor acknowledged that the officer slowed down before entering the intersection, but believed that the officer failed to exercise due caution by disregarding the red light and should have waited until he

15

was certain that other drivers had yielded the right of way before entering the intersection. *Id*. at 842. The supervisor testified that he did not believe the officer needed counseling about the incident, but was instructed by his supervisors to counsel the officer. *Id*. at 843.

The plaintiff also relied on the report and deposition testimony of another DPS officer charged with investigating the incident. According to the investigating officer's incident report, the investigating officer found that the officer had violated Section 546.001 of the Texas Transportation Code by failing to properly clear the other roadways before proceeding through the intersection. *Id*. When asked about the basis for this assertion during his deposition, the investigating officer responded that his opinion that the officer violated Section 546.001 was based solely on the fact that a collision had occurred. *Id*. 840. After reviewing this evidence, the trial court denied the DPS' motion for summary judgment and plea to the jurisdiction. *Id*. at 836.

Upon review, the appellate court found the expert's conclusory opinion that entering the intersection against the red light constituted reckless disregard and conscious indifference, without any further support or explanation, was no evidence as to whether the officer acted recklessly to raise a genuine issue of material fact. *Id*. The court also found that the expert's testimony did not offer any evidence demonstrating when or how far away the officer was when he first

cleared the left lane and/or how this made it unable for the officer to determine whether he could proceed through the intersection. *Id.* The court specifically noted that the patrol car video did not have footage of the officer while he was driving and, therefore, could not independently confirm whether or when the officer cleared the left lane. *Id.* at 843 n.10. Based upon these reasons, the appellate court found the expert's testimony failed to raise a genuine issue of material fact as to whether the officer acted recklessly for subject matter jurisdiction to exist. *Id.* at 843-44.

Regarding the testimony and report from the officer's supervisor, the appellate court found the supervisor's assertions that the officer failed to exercise due caution by disregarding the red light was merely conclusory and no evidence of the officer's recklessness. *Id.* Relying on similar opinions from other Texas appellate courts, the court further found the evidence about the officer's counseling/reprimand and the supervisor's allegations that the officer failed to exercise due caution may have demonstrated that the officer was negligent, but did not demonstrate that the officer acted recklessly to raise a fact issue. *Id.* at 842-43; *See also City of Arlington v. Barnes*, No. 02-07-249-CV, 2008 Tex. App. LEXIS 2236, at **12-14 (Tex. App.—Fort Worth Mar. 27, 2008, pet. denied) (holding written reprimand stating that officer failed to exercise due care and failed to

17

comply with transportation code did not raise fact issue on reckless disregard); *Hudson*, 179 S.W.3d at 702.

The appellate court found the investigating officer's report and testimony were conclusory and that the mere fact that a collision had occurred with an emergency vehicle did not necessitate that the driver had been reckless and/or that Section 546.001(2) had been violated. *Id*. at 842. Again, the appellate court noted that even if the evidence presented demonstrated negligence, this would not raise a genuine issue of material fact as to whether the officer acted recklessly. *Id*. at 843, n. 11.

The appellate court found that the undisputed evidence showed the officer was responding to an emergency, had his lights and sirens activated, approached a red light intersection, slowed down and cleared the roadways before proceeding through the intersection. *Id*. at 841. On this basis, the appellate court found that the officer was not reckless as matter of law under Section 101.055 of the Act, and reversed the denial of the DPS' Plea to the Jurisdiction and rendered judgment dismissing the plaintiff's claims. *Id.* at 844; *See also City of Laredo v. Varela,* 2011 Tex. App. LEXIS 3485 (Tex. App.—San Antonio, 2011, pet. denied) (reversing district court and finding no fact issue on reckless disregard even where department review board found the accident to be preventable. Actions of officer in using emergency lights, siren and brakes negated reckless disregard).

### b. *City of Pasadena v. Kuhn*

In an almost identical emergency case, a plaintiff collided with a police officer at an intersection while the officer was responding to an emergency call for a house fire. *Kuhn*, 260 S.W.3d at 99-100. The officer's emergency lights and siren were activated in response to the emergency. *Id*. The officer approached a red light intersection and slowed down to clear the adjacent roadways before proceeding through the intersection. *Id*. The plaintiff failed to yield the right of way and collided with the patrol car in the intersection. *Id*.

The City filed a plea to the jurisdiction pursuant to Section 101.055(2) of the Texas Tort Claims Act, arguing that it maintained its immunity from suit because the plaintiff did not plead or prove the officer's actions were reckless or violated Section 546.001 of the Texas Transportation Code. *Id*. at 97. In response, the plaintiff submitted photographs of a "blind spot" on the corner of the intersection and argued that the intersection was dangerous and that an officer responding to an emergency call would know or should have known that entering the intersection on a red light with this blind spot would create a high degree of risk of injury. *Id*. 97-98. There was a factual dispute over whether the officer slowed down or stopped before entering the intersection, but it was undisputed that the officer was driving faster than the speed limit. *Id*. at 98. The plaintiff argued that the evidence of the dangerous configuration of the intersection and the undisputed fact that the officer

was speeding was sufficient to show that the officer was driving recklessly. *Id*. The trial court denied the city's plea to the jurisdiction on this basis. *Id*. at 95.

On appeal, the appellate court applying the "reckless disregard" test established by the Texas Supreme Court in *City of Amarillo v. Martin,* reversed the trial court's order and rendered judgment for the city. *Id*. at 101. The appellate court held that the undisputed evidence that the officer was responding to an emergency, had his lights and sirens activated, and slowed down and cleared the roadways before proceeding through the intersection was insufficient to show reckless conduct or that the officer lacked regard for the safety of others as a matter of law. *Id*. The court further noted that it did not matter whether the officer had stopped or slowed down at the intersection, because the officer was only required to slow down as necessary for safe operation under Section 546.001(2) of the Texas Transportation Code. *Id.* at 100.

c.       *Smith v. Janda*

Finally, in another similar emergency case, the San Antonio Court of Appeals reversed a trial court's denial of a city's motion for summary judgment because the city was immune from suit pursuant to Section 101.055(2) of the Act. *Janda*, 126 S.W.3d at 543. The court further held that a driver who operated an ambulance in conformity with the provisions of the Texas Transportation Code did not act recklessly as a matter of law. *Id.* In that case, an ambulance driver was

driving an ambulance in an emergency situation with the lights and sirens activated. *Id.* at 546. As he approached an intersection, he slowed down and looked around. *Id.* He perceived that traffic had stopped or was yielding to him and proceeded into the intersection without coming to a complete stop. *Id.*

Moving for summary judgment, the city sought to establish that the driver was not reckless as a matter of law and that no subject matter jurisdiction existed because the city was immune from suit. *Id.* at 545-56. In response, the plaintiff argued that there was a fact dispute about whether or not the ambulance driver ran the red light and whether or not the plaintiff had the right of way. *Id.* After reviewing the evidence, the appellate court found that the driver was in an emergency situation with his lights and sirens activated, other drivers at the intersection could hear and see the lights and sirens, the driver slowed down at the intersection and cleared the other roadways, and proceeded through the intersection without coming to a complete stop. *Id.*

Applying the Texas Supreme Court's "reckless disregard" test, the appellate court found that the ambulance driver was not reckless as matter of law under Section 101.055(2) of the Act, because he was responding to an emergency, activated his ambulance's lights and siren, slowed when approaching intersection and observed drivers yielding to ambulance. *Id.* Further, the San Antonio Court of Appeals also noted that the Texas Transportation Code entitles emergency vehicle

operators to presume that other motorists will "respect emergency vehicle priorities" and heed to audible or visual emergency signals. *Id*. at 546 (citing *Martin*, 971 S.W.2d at 431) (also citing TEX. TRANSP. CODE ANN. § 546.001(2)).

Like the officers in *Kuhn*, *Sparks*, and *Varela,* and the ambulance driver in *Smith*, the conduct of Officer Kunz has not and cannot be shown to be reckless as a matter of law in that she was responding to an emergency incident, had her emergency lights and siren on, and clearly slowed down as she proceeded into the intersection in question. (CR 30-33, 35-36). As stated by the Texas Supreme Court, "civilian drivers generally have an advantage in anticipating and preventing a collision" due to the fact that emergency vehicles "stand out" from other vehicles. *Martin*, 971 S.W.2d at 432. Even though a fact question may exist as to whether Officer Kunz was negligent on the occasion, this is not enough to demonstrate that she acted recklessly or with conscious disregard for the safety of others for immunity to be waived in this instance. *Kuhn*, 260 S.W.3d at 100; *Hudson*, 179 S.W.3d at 701-02 (holding no evidence of reckless disregard for safety of others when officer entered intersection without stopping and witness did not hear brakes being applied); *Janda*, 126 S.W.3d at 545-46.

### d. *No Evidence of Recklessness*

As discussed, the City conclusively showed that Officer Kunz was not reckless as a matter of law because (1) she was responding to an emergency, (2)

had her emergency lights and siren activated, and (3) slowed down and cleared the roadway as necessary to proceed safely through the neighborhood intersection. The court erred in denying the City's Plea to the Jurisdiction because Plaintiff's expert opinion is no evidence that Officer Kunz acted recklessly and does not raise a genuine issue of material fact in order for government immunity to be waived.

Like the accident reconstruction expert opinion in *Sparks*, Chief Kowalski's expert report and opinion amount to nothing more than surmise and speculation and are not evidence that Officer Kunz acted recklessly. Specifically, Chief Kowalski continuously uses the term "reckless" when forming his opinions, but fails to define reckless or apply the reckless standard established by the Texas Supreme Court in *City of Amarillo v. Martin*. (CR 67-70). In addition, like *Sparks*, Chief Kowalski's allegations may demonstrate that Officer Kunz was negligent on the occasion, but is not evidence of recklessness. *See Sparks,* 347 S.W.3d at 843, n. 11. For example, Chief Kowalski states that because Officer Kunz was a few blocks behind Officer O'Bryant, a question of the criticality of Officer Kunz's driving tactics is raised. (CR 67). Such argument lacks merit, as the distance between Officer Kunz and Officer O'Bryant has no relevance to Officer Kunz's driving tactics. Chief Kowalski also opines that safety protocol allows the first officer to arrive at a scene to await the arrival of a second officer and thus Officer Kunz had no reason to be operating her vehicle in a reckless

23

manner. (CR 67). Whether or not Officer O'Bryant had the ability to wait for the arrival of Officer Kunz to the dispatch call location is irrelevant as to whether Officer Kunz's actions in driving to the scene were reckless. In addition, Chief Kowalski misconstrues Texas law by claiming that Plaintiff had the right-of-way because there was no traffic control device at the intersection governing the direction Plaintiff was traveling. (CR 68). Texas law is unequivocally clear that a peace officer has the right-of-way at an intersection when operating under emergency circumstances. *Martin*, 971 S.W.2d at 432; TEX. TRANSP. CODE §§ 545.156 and 546.001 *et seq*. Whether or not Officer Kunz was negligent is immaterial because a reckless finding is necessary before Plaintiff can recover in this emergency response case and Chief Kowalski's report and testimony offers no evidence as to "recklessness."

Moreover, as in *Sparks*, Chief Kowalski's conclusory opinion that Officer Kunz was reckless because she did not come to a complete stop at the intersection is no evidence that Officer Kunz acted recklessly or violated Section 546.001(2) of the Texas Transportation Code, which specifically allows an officer to "proceed past a red light after slowing as necessary for safe operation." (CR 68, 70); *See Kuhn*, 260 S.W.3d at 100; *Hudson*, 179 S.W.3d at 701-02 (holding no evidence of reckless disregard for safety of others where officer entered intersection without stopping and witness did not hear brakes being applied); *Janda*, 126 S.W.3d at 543

(holding that evidence was insufficient to establish recklessness when ambulance driven to emergency with lights and sirens and slowed down without coming to a complete stop at an intersection);

Furthermore, Chief Kowalski claim that Officer Kunz was traveling at a reckless speed prior to the incident because the "patrol car is seen bouncing into the air as it travels over a hump at a reckless speed," is pure speculation and not supported by any evidence of Officer Kunz's speed prior to the intersection. (CR 70). As in *Sparks*, the patrol car video does not contain footage or images of the speedometer in order to independently confirm Chief Kowalski's unsupported claims that Officer Kunz "failed to alter her speed in any meaningful way." (CR 70); *compare Sparks, 347 S.W.3d at 843; Kuhn*, 260 S.W.3d at 101. As in *Sparks* and *Kuhn*, Chief Kowalski's unsupported claims regarding Officer Kunz's speed before and/or during the incident is no evidence that Officer Kunz acted recklessly. *Kunz*, 260 S.W.3d at 100 (conclusory statements that officer was driving at a high rate of speed was insufficient to raise fact issue as to "reckless disregard.").

Finally, Chief Kowalski's reliance on witness testimony and reports citing Officer Kunz for not stopping at the stop sign and referencing Officer Kunz's verbal counseling/reprimand after the incident is also no evidence that Officer Kunz acted recklessly. (CR 69-70); *See Hudson*, 179 S.W.3d at 702; *Barnes*, 2008 Tex. App. LEXIS 2236, at *11-15 (holding written reprimand stating that officer

failed to exercise due care and failed to comply with transportation code did not raise fact issue on reckless disregard); *See also Varela,* 2011 Tex. App. LEXIS 3485, at*12-14 (reversing district court and finding no fact issue on reckless disregard even where department review board found the accident to be preventable because actions of officer in using emergency lights, siren and brakes negated reckless disregard).

Accordingly, the City is entitled to immunity because it has conclusively shown that Officer Kunz was not reckless as a matter of law because she was (1) responding to an emergency, (2) had her emergency lights and sirens activated, (3) slowed down as necessary in entering the intersection in conformity with Section 546.001(2) of the Texas Transportation Code. Moreover, Plaintiff failed to raise a genuine issue of material fact that Officer Kunz acted recklessly, because Chief Kowalski's conclusory report is no evidence that Officer Kunz's actions were reckless or made without regard to public safety in violation of Section 101.055(2). Therefore, the City is immune from suit and the trial court erred in denying the City's Plea to the Jurisdiction because the court is without subject matter jurisdiction to determine the subject in controversy.

**V.    ISSUE NO. 2: THE CITY IS ENTITLED TO OFFICIAL IMMUNITY BECAUSE OFFICER KUNZ ACTED IN GOOD FAITH AND A REASONABLY PRUDENT POLICE OFFICER, UNDER THE CIRCUMSTANCES, WOULD HAVE REACHED THE SAME DECISION.**

The Court erred in denying the City's Traditional Motion for Summary Judgment because Officer Kunz is entitled to official immunity for her discretionary acts performed in good faith within the scope of her authority, and City is entitled to summary judgment because the official immunity of Officer Kunz precludes vicarious liability under Plaintiff's theory of *respondeat superior*.

**A.** **<u>Officer Kunz is Entitled to Official Immunity and the City is Entitled to Sovereign Immunity</u>**

The court erred in denying the City's Traditional Motion for Summary Judgment because Officer Kunz is entitled to official immunity for discretionary acts performed in good faith within the scope of her authority as a police officer and Officer Kunz's official immunity precludes the City from vicarious liability under Plaintiff's theory of *respondeat superior*.

Official immunity is an affirmative defense that protects governmental employees from personal liability. *Chambers*, 883 S.W.2d at 653. A governmental employee is entitled to official immunity (1) for the performance of a discretionary duty; (2) within the scope of the employee's authority, (3) provided that the employee acts in good faith. *Id.* at 653. When official immunity shields a governmental employee from liability, sovereign immunity shields the governmental employer from vicarious liability as well. *DeWitt,* 904 S.W.2d at 653.

### 1. Officer Kunz Performed Discretionary Duties within Her Scope of Authority

Public officials and employees are not liable for discretionary acts performed in good faith within the scope of their authority. *Torres v. Owens*, 380 S.W.2d 30, 34-36 (Tex. Civ. App.—Corpus Christi 1964, writ refused n.r.e.). An act is discretionary if it requires personal deliberation, decision and judgment. *Chambers*, 883 S.W.2d at 654. In this instance, Officer Kunz was on duty acting within her authority as a police officer in responding to the domestic disturbance call involving a deadly weapon. Officer Kunz exercised her discretion and personal judgment in deciding how to get to the disturbance as quickly and safely as possible as police officers, firefighters, and ambulance drivers are entrusted to do.

### 2. Officer Kunz Acted in Good Faith

Public officials and employees are entitled to official immunity for their discretionary actions, even if they misinterpret the law, as long as their actions were taken in good faith. *Owens*, 380 S.W.2d at 34-36. Good faith is measured by how a reasonably prudent officer could have assessed both the "need" to which an officer responds, and the "risk" of the officer's course of action based on the officer's perception of the facts at the time of the event. *Chambers*, 883 S.W.2d at 656. In *Chambers*, the Texas Supreme Court recognized the competing interests involved in good faith cases and created a "good faith" test that focuses on both the

injustice of imposing liability on police officers whose job requires them to exercise discretion, and the danger that such liability will deter their willingness to exercise their discretion for the public good. *Id*. at 665. These concerns are also balanced against the need for public safety. *Id*.

In the context of emergency response cases, the Texas Supreme Court elaborated on the *Chamber's* good faith test providing guidance on both the "need" and "risk" aspects of the test:

> "The **"need"** aspect of the test refers to the urgency of the circumstances requiring police intervention. In the context of an emergency response, need is determined by factors such as the seriousness of the crime or accident to which the officer responds, whether the officer's immediate presence is necessary to prevent injury or loss of life or to apprehend a suspect, and what alternative courses of action, if any, are available to achieve a comparable result.
>
> The **"risk"** aspect of good faith, on the other hand, refers to the countervailing public safety concerns: the nature and severity of harm the officer's actions could cause (including injuries to bystanders as well as the possibility that an accident would prevent the officer from reaching the scene of the emergency), the likelihood any harm would occur, and whether any risk of harm would be clear to a reasonably prudent officer."

*Wadewitz v. Montgomery*, 951 S.W.2d 464, 467 (Tex. 1997).

Typically, Texas courts have granted summary judgment and pleas to the jurisdiction in favor of governmental entities once an officer's good faith is established – when a reasonably prudent officer, under same or similar circumstances, could have believed that the need to respond to the emergency

29

outweighed a clear risk of harm to the public, and have held that good faith may be established by the officer's own affidavit or testimony. *See Mem'l Villages Police Dep't v. Gustafson*, 2011 Tex. App. LEXIS 6595 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (plea to the jurisdiction granted because the officer's affidavit showed he considered alternative courses of action and the facts demonstrated a need to immediately apprehend the driver); *City of Dallas v. Garcia*, 1998 Tex. App. LEXIS 1785 (Tex. App.—Dallas 1998, no pet.); *State v. McGeorge*, 925 S.W.2d 105 (Tex. App.–Houston [14th Dist.] 1996, writ denied) (summary judgment granted where the State established good faith and demonstrated a reasonably prudent officer might have believed to continue the pursuit); *Barker v. City of Galveston*, 907 S.W.2d 879, 888 (Tex. App.–Houston [1st Dist.] 1995, writ denied).

### 3. City of San Angelo Fire Department v. Hudson

In *Hudson*, a city fire truck was dispatched in response to a fire at a daycare center. *Hudson*, 179 S.W.3d at 697. The fire truck had its emergency lights and sirens activated and was a few blocks away from the daycare center when the driver came to a red light intersection. *Id*. The driver slowed down as he approached the intersection and observed the traffic stopped in all directions. *Id*. The driver believed the traffic was yielding for the fire truck and entered the intersection against a red light. *Id*. The plaintiff had a green light and collided

with the fire truck in the intersection. *Id*. The plaintiff's claimed she did not hear the sirens or see the emergency lights when she entered the intersection. *Id*. at 701.

The plaintiff filed suit against the city and the city moved for summary judgment asserting that the plaintiff's claims were barred by official immunity because the driver was acting in good faith in the performance of his discretionary duties as a city employee. *Id*. at 698. In support of summary judgment, the city submitted an affidavit from the fire truck driver discussing the risks he considered when entering the intersection against the light and his perceived need to respond quickly to the emergency. *Id*. at 705-06. The driver was aware that traffic was congested and that the traffic light stayed red as he approached the intersection. *Id*. The driver considered the fact that a collision could occur if someone did not hear the sirens and air horn, or see the emergency lights. *Id*. The driver also considered the fact that a collision might prevent him from timely reaching the scene to offer aid. *Id*. The driver weighed these risks against the perceived need to respond to the emergency as quickly as possible because he was the closest unit to the daycare center. *Id*.

In her response to the city's motion, the plaintiff argued that the driver was not performing a discretionary function in responding to the call because he did not choose whether or not to respond to the call. *Id*. at 704. The plaintiff also argued that the need and risk involved did not meet the *Chamber's* good faith test because

other fire trucks had already arrived at the daycare center and there was no need for the driver to enter the intersection against the red light. *Id*. at 705. The trial court questioned whether the driver's affidavit conclusively met the good faith test and whether the driver was performing a discretionary act and denied the city's motion for summary judgment. *Id*. at 699.

After reviewing the evidence submitted by the parties on summary judgment, the Austin Court of Appeals reversed the trial court's order denying the city's motion and rendered judgment in favor of the city. *Id*. at 707. The court found the driver's affidavit conclusively demonstrated that he considered the risks, looked for traffic that might pose a danger, and weighed the risks and need before proceeding through the light, and that a reasonable fire truck driver could have believed the need to reach the scene of the emergency was compelling under the circumstances. *Id*. at 705.

### 4. Affidavit and Testimony of Officer Kunz

#### a. Imminent Need

In the present case, the "need" to respond to the domestic disturbance call as quickly as possible is obvious in that Officer Kunz and Officer O'Bryant were responding to an ongoing fight between two individuals involving deadly weapons in a household with children. (CR 35). According to Officer Kunz's Affidavit, Officer Kunz also believed it was a priority for her to respond to the scene as

quickly as possible in order to safely support her fellow officer due to the dangerous nature of the call and the fact that weapons were involved. (CR 35-36). Clearly, a reasonable police officer could have believed that their was an imminent need to respond to the scene as quickly as possible to prevent further deadly violence and assist a fellow officer secure the scene safely.

b. Immediate Danger Outweighed Risk

In addition, the "risk" factors weigh in Officer Kunz's favor and her deposition testimony and affidavit demonstrate that she considered and weighed the risks against the perceived need. According to Officer Kunz's Affidavit, Officer Kunz and Officer O'Bryant responded to the call from separate locations and Officer Kunz was forced to navigate through several city streets before she was able to pull behind Officer O'Bryant. (CR 35). Both Officer Kunz and Officer O'Bryant's emergency lights and sirens were activated while they proceeded through the residential neighborhood towards the scene of the disturbance. (CR 35). Officer Kunz was several seconds behind Officer O'Bryant as they approached a one way stop sign. (CR 35-36). Officer Kunz slowed down three or four car lengths before the stop sign and checked for traffic as Officer O'Bryant proceeded through the intersection ahead of her. (CR 35-36; Ex. "B," pg. 2).

Officer Kunz recognized the possibility that if she proceeded through the stop sign, such action could increase the risk of a collision. (CR 35-36). However, she also considered that her patrol car's emergency lights and sirens were activated, she was traveling in a residential neighborhood with little or no traffic, slowed down before the intersection, and was not traveling at a high rate of speed. (CR 31-32, 35-36). In addition, she considered the fact that Officer O'Bryant had traveled through the same intersection only seconds before and believed other vehicles in the vicinity would have been alerted by Officer O'Bryant's emergency lights and sirens in addition to her own. (CR 35-36, 41).

Officer Kunz was also entitled to rely on the fact that civilian vehicles have a duty to yield the right-of-way (irrespective of the current traffic signals) when she is responding to an immediate emergency with her emergency lights and sirens activated. (CR 35-36); TEX. TRANSP. CODE § 545.156; *See also Janda*, 126 S.W.3d at 546 (transportation code entitles emergency vehicle operators to presume that other motorists will "respect emergency vehicle priorities").

Taking all of these factors into account, the potential danger posed by Officer Kunz traveling through the intersection in a residential neighborhood with little or no traffic was far less than the immediate threat of injury or loss of life posed by the multiple combatants fighting with weapons in a house with children. Under the circumstances, a reasonably prudent police officer, under similar

circumstances, would have reached the same decision based upon her perception of the facts at the time. Therefore, Officer Kunz acted in good faith and is entitled to official immunity as a matter of law. As a result, official immunity bars the Plaintiff's vicarious liability claims against the City and Plaintiff's claims should be dismissed with prejudice.

### 5. *Green v. Alford* Is Distinguishable From the Present Case

Plaintiff cites to *Green v. Alford* in his Response to support the position that Officer Kunz was reckless and acted in bad faith. (CR 54-55). The *Green* case is readily distinguishable from the present case because the fire fighters in that case were responding to an automatic fire alarm which posed no immediate threat of injury or loss of life and the fire truck driver suffered from a debilitating eye disease and driving without glasses or corrective lenses. *Green v. Alford*, 274 S.W.3d 5, 18 (Tex. App.—Houston [14th Dist.] 2008, pet denied).

In *Green*, the court noted that the fire fighters were responding to an electronic fire alarm, which the court admitted the overwhelming majority of which are false alarms and do not require immediate assistance. *Id*. In determining bad faith, the court focused primarily on the fact that the driver suffered from a progressive and debilitating eye disease (not disclosed to his supervisors), and failed to wear corrective lenses as required by his driver's license. *Id*. Other evidence showed that other fire fighters were available to drive;

the driver knew that traffic would be heavy at the intersection due to it being evening rush hour on the Friday before labor day weekend; the driver was operating a fire truck that weighed 39,500 pounds; and there was a genuine issue of material fact as to whether the driver was using the fire truck's siren or other audible warning signal at the time of the collision. *Id*. at 18-19, 28.

Unlike the firefighter in *Green* who was responding to an automatic fire alarm, which did not require the immediate presence of a firefighter, Officer Kunz was responding to a domestic disturbance with multiple combatants reportedly involving deadly weapons with a high potential for serious injury or loss of life. (CR 35). Additionally, Officer Kunz did not have an eye disease or fail to wear corrective lenses impairing her judgment. Also, Officer Kunz was responding to the dispatch call location on a sparsely traversed residential street on a Sunday night at approximately 8:30 p.m., as compared the heavily trafficked intersection at rush hour in *Green*. Likewise, Officer O'Bryant proceeded through the intersection in question a few moments prior to Officer Kunz and should have alerted vehicles in the vicinity to emergency vehicles in the area. (CR 35-36). Finally, and perhaps most importantly, unlike the fire fighter in *Green*, it is undisputed that Officer Kunz was operating her vehicle's emergency siren at the time of the accident. Due to the drastic difference in circumstances between *Green*

and the matter in question, *Green* is inapposite and distinguishable from the facts in this case.

### 6. Plaintiff's Expert's Opinion Fails to Offer Any Reliable Evidence of Bad Faith

Like Plaintiff's failure to sufficiently support a reckless finding against Officer Kunz, Plaintiff equally fails to demonstrate that Officer Kunz acted in bad faith. Good faith is measured by how a reasonably prudent officer could have assessed both the need to which an officer responds and the risk of the officer's course of action based on the officer's perception of the facts at the time of the event. *Chambers*, 883 S.W.2d at 656. In *Chambers*, the Texas Supreme Court held an officer does not have to prove that the officer's actions were unreasonable or that all reasonably prudent officers would have proceeded in the same way. *Id*. Instead, the officer must prove only that a reasonably prudent officer might have believed he or she should have continued in their course of action. *Id*. at 656-57.

According to Plaintiff and Kowalski, Officer Kunz acted in bad faith because she allegedly should have known that her arrival time at the dispatch call location between a "safe speed" and a "reckless speed" would have been substantially the same. (CR 67, 70). This argument fails for a number of reasons. First and foremost, Kowalski fails to accurately apply the "need" versus "risk" test adopted by the Texas Supreme Court in *Chambers* when opining whether Officer Kunz acted in good faith. *Id*. at 653. When properly applying the "need" versus

"risk" test to Officer Kunz's actions, it is clear that there was a significant need for Officer Kunz to reach the dispatch call location as soon as possible given the presence of multiple combatants with weapons in a house with children and the high potential for serious injury or loss of life. (CR 35-36). This need outweighed the potential risk posed by Officer Kunz traveling through a stop sign in a residential neighborhood at night with little or no traffic.

Second, because of the potential presence of deadly weapons, the difference between reaching the dispatch call location as quickly as possible as opposed to a few moments later could have been the difference between life or death. As a result, there was a compelling reason for Officer Kunz to reach the dispatch call location as quickly as possible.

Third, from his review of the patrol car dash camera video, Chief Kowalski speculates that Officer Kunz was traveling at a reckless and high rate of speed before the intersection because the "patrol car is seen bouncing into the air as it travels over a hump at a reckless speed." (CR 70). Based upon this opinion, Chief Kowalski concludes that Officer Kunz's arrival time would have been substantially the same at a "safe speed" versus a "reckless speed." (CR 67). Chief Kowalski's opinion is not based upon any evidence beyond his own speculation and fails to identify what a safe speed would have been under the circumstances as compared to a reckless speed. Moreover, Officer Kunz's speed at the time of the incident

cannot be independently confirmed because the speedometer is not shown in the dash camera video. *Compare Sparks*, 347 S.W.3d at 843, n.10. Given Plaintiff has failed to offer evidence that no reasonably prudent officer in Officer Kunz's position could have thought that the facts justified her conduct, Officer Kunz is entitled to official immunity. *See Clark*, 38 S.W.3d at 581.

## C.     **Public Policy Underlying Official Immunity**

Furthermore, there are significant public policy concerns underlying police officer's official immunity in police emergency response cases, as recognized by the Texas Supreme Court. "[T]he public would suffer if government officers, who must exercise judgment and discretion in their jobs, were subject to civil lawsuits that second-guessed their decisions." *Telthorster v. Tennell*, 92 S.W.3d 457, 463 (Tex. 2002). Thus, official immunity is designed to protect public officials from being forced to defend their decisions that were reasonable when made, but upon which hindsight has cast a negative light. *Id*. Further, police officers' particular need for immunity's protection is well-recognized: "nowhere else in public service is official immunity more appropriate or necessary than in police work. In their routine work, police officers must be free to make split-second judgments . . . based on their experience and training, without fear of personal liability." *Id*. (*citing Travis v. City of Mesquite*, 830 S.W.2d 94, 103 (Tex. 1992) (Cornyn, J., concurring)). If police officers were subject to liability for every mistake, the

constant threat of suit could "dampen the ardor of all but the most resolute, or the most irresponsible officers." *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). These public-policy concerns in large part underlie the good faith test articulated by the Texas Supreme Court in *Chambers*.

Accordingly, the court erred in denying the City's Traditional Motion for Summary Judgment because Officer Kunz's discretionary actions, weighing the needs and risks associated with responding to the domestic disturbance call, were performed in good faith within the scope of her authority as a police officer and, therefore, Officer Kunz is entitled to official immunity which precludes the City from vicarious liability under Plaintiff's theory of *respondeat superior*.

## CONCLUSION

The trial court erred in denying the City's Plea to the Jurisdiction and Traditional Motion for Summary Judgment because the Plaintiff failed to raise a genuine issue of material fact that Officer Kunz acted recklessly or acted in bad faith. The City is immune to suit and the court is without subject matter jurisdiction to determine the subject in controversy.

## PRAYER

For these reasons, Appellant Bay City, Texas respectfully prays that this Court reverse the trial court's March 6, 2015 Order Denying the City's Plea to the Jurisdiction and render a take-nothing judgment against Plaintiff/Appellee Wade

40

McFarland. Appellant prays for any further relief, in law or equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**GORDON & REES, LLP**

By: */s/ Steven D. Selbe*
    STEVEN D. SELBE
    State Bar No. 18004600
    sselbe@gordonrees.com
    ANDREW J. PRATKA
    State Bar No. 24079159
    apratka@gordonrees.com
    1900 West Loop South, Suite 1000
    Houston, Texas 77027
    Telephone: (713) 961-3366
    Facsimile: (713) 961-3938

**ATTORNEYS FOR BAY CITY, TEXAS**

## CERTIFICATE OF COMPLIANCE UNDER TEX. R. APP. P. 9.4(I)(3)

This brief complies with the word limitation of TEX. R. APP. P. 9.4(I)(2)(B) because it contains 9,510 words.

    */s/ Steven D. Selbe*
    Steven D. Selbe

41

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of May, 2015, a true and correct copy of the foregoing was served on the counsel and parties identified below in accordance with the Texas Rules of Civil Procedure:

David Ramagosa
Farrar & Ball, LLP
1010 Lamar, Suite 1600
Houston, Texas 77002

***Attorney for Plaintiff Wade McFarland***

*/s/ Steven D. Selbe*
STEVEN D. SELBE

## NO. 13-15-00122-CV

## IN THE THIRTEENTH COURT OF APPEALS
## CORPUS CHRISTI, TEXAS

THE CITY OF BAY CITY, TEXAS
*Appellant/Defendant*
v.
WADE MCFARLAND
*Appellee/Plaintiff*

On Appeal from the 23rd District Court, Matagorda County, Texas
Trial Court Cause No. 12-H-0516-C;
Honorable Ben Hardin, Presiding

## APPELLANT'S APPENDIX

1.  *City of Laredo v. Varela,* 2011 Tex. App. LEXIS 3485
    (Tex. App.—San Antonio, 2011, pet. denied). ................................ Tab A

2.  *City of Arlington v. Barnes*, No. 02-07-249-CV, 2008 Tex. App. LEXIS
    2236 (Tex. App.—Fort Worth Mar. 27, 2008, pet. denied)..............Tab B